## Basham *vs* Chamberlain, &c.

### ERROR TO THE LOUISVILLE CHANCERY COURT.

*Husband  and  wife.     Wife's  separate  property.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is a suit in chancery in the name of the wife, by her next friend, to enjoin a judgment creditor of her husband from selling a Rockaway carriage, harness and horse, in satisfaction of his  debt, and  to have  the property secured to her separate use by the decree of the Chancellor.

The facts upon which she bases her right to relief, are, that when  she married her husband, he was insolvent ; that she had a small sum of money which he has permitted her to retain under her own control, and to use as she thought proper ;  that he also permitted her to have some of the profits of her own personal industry, all of which she placed in the hands of a friend,  who  managed it for her, until her money and her savings amounted in the

BASHAM
vs
CHAMBERLAIN.

aggregate to the sum of four hundred dollars; two hundred and fifty dollars of which she appropriated to the purchase of the property upon which the execution against her husband has been levied. That the property was purchased and transferred to her in her own name, and obtained not as an article of luxury, but as a means recommended by a physician of regaining her health, through the exercise that riding in it would afford her; her health having been seriously impaired by her domestic labors and fatigue, and its re-establishment being important to enable her to take care of several small children, whose support mainly depends upon her exertions.

The facts presented are such as make a strong appeal to the sympathy of the Chancellor; but the rights of the complainant must be decided by settled principles and the law of the land, and not by considerations which address themselves to such feelings, even though they be the best feelings of our nature. If the complainant can have any relief in a Court of equity, it must be either upon the ground that the property which has been taken in execution, is her separate estate, and therefore not liable to be taken and applied to the payment of her husband's debts, or that it is of that nature which entitles her to an equity, to have a settlement out of it for her support.

If a contract had been made before marriage, by which A contract before marriage that the wife shall enjoy her property exclusively, is valid, and the husband will be regarded as a trustee for the wife's benefit. this small pittance had been settled on the wife as her separate estate, and by which a right had been given to her to trade on it, and manage it for her own exclusive profit, such a contract would be deemed valid in equity, even without the intervention of a trustee, not only as to the husband, but also as to his creditors. To support the agreement, and secure the property to the wife, the husband would be regarded as her trustee, and as holding in that capacity the title to it for her separate use and enjoyment.

And the personal savings and profits made by the wife, —And the personal savings of the wife, the result of her labor, may with the assent of the hus- the results of her industry and economy, may with the consent of her husband, be applied to her separate use, which she will have in equity a right to retain and treat exclusively as her own, so far as it regards her husband,

or his representatives after his death, where the right of a creditor does not intervene.

Whatever personal property or money, however, the wife has in her possession at the time of the marriage, vests absolutely in the husband, and becomes his for every purpose. The proceeds of her labor and industry also belong to him. He can make no voluntary disposition of his property to the prejudice of his creditors, either in favor of his wife, or any other person, which will be legal and valid. He may, it is true, even after marriage, upon a legal and adequate consideration to support it, make a settlement upon his wife, which will be sustained, and by which she will become invested with a separate estate, free from his control, and beyond the reach of his creditors.

By the complainant's own representations, it appears that her husband was insolvent when they were married, and that the arrangement, which resulted in the accumulation of the fund appropriated to the purchase of the property in contest, was made subsequent to their marriage, at a time when a voluntary settlement by him upon her was not valid as against creditors, it being his first duty to apply his property to the payment of his debts. Inasmuch, therefore, as the money belonged to the husband, and as she must necessarily derive her claim to the property through him, and as he was not in a condition which enabled him to bestow upon her a gratuity, she has not such a separate interest in it as authorizes a Court of equity to interfere in her favor and secure her in its enjoyment.

Can the complainant derive any assistance in support of her claim to relief, from the equity which the wife has, to have a settlement made for her support out of her own choses in action and equitable interests in property? This equity, it is true, will be enforced not only against the husband, his assignees and creditors, where they are complainants seeking aid and relief in equity, but it will also be enforced where she brings a suit in equity for the purpose of asserting it. A Court of equity will also, at her instance, for the purpose of enforcing her equity to a settlement, arrest the collection of her choses in action

BASHAM
*vs*
CHAMBERLAIN.

band, be applied to her separate use, so far as the husband and his representatives are concerned; but not against his creditors.

Personal property in possession of the wife at the marriage, vests absolutely in the husband; the proceeds of her labor belong to him, which he cannot *voluntarily* dispose of to the prejudice of creditors, but upon good consideration he may settle it upon the wife.

BASHAM
vs
CHAMBERLAIN.

either by the husband or his assignee: (*Clancy on the Rights of Married Women, B. 5, ch. 2, from page 463 to 470.*) And this settlement will be enforced in opposition to the assignment by the husband for a valuable consideration: (3 *Vesey*, 506; 4 *Vesey*, 15;) *Thomas, &c.* vs *Kenedy, &c.*, (4 *B. Monroe*, 235.)

The loss of the wife's right to survivorship in her choses in action does not necessarily deprive her of her right in equity to a settlement.

It is a mistake to suppose, that when the wife's right of survivorship to her choses in action has been defeated and taken away, that her equity to a reasonable provision out of them for her support has been necessarily lost. An assignment by her husband for a valuable consideration, deprives her of the right of survivorship in her choses in action, yet the same act, as the foregoing authorities conclusively prove, does not divest her of her equity to a settlement out of the same estate. The assignee takes it, discharged it is true, from the wife's legal right of survivorship, but subject to her equity for a settlement. The two questions present very different principles for consideration; and the right to the one, is not the distinguishing test of the right to the other.

But the doctrine on this subject, pushed to its utmost limits, is not sufficiently comprehensive to furnish any aid to the complainant. The property claimed by her does not consist of her chose in action, or any equitable interest of hers, or of a right of property which has accrued to her during coverture, and which her husband has not reduced into possession; but of property which has vested absolutely in the husband, which belongs to him, and in which she has no available equity.

An attempt has been made to assimilate this to the case of *Athey, &c.* vs *Knotts, &c.* (6 *B. Monroe*, 24.) They bear, however, little or no resemblance to each other. In that case the fund which the Court refused to aid the creditor of the husband in reaching and applying to the payment of his debt, arose from the sale of some land in the State of Indiana, in which the wife had an interest, and which had never come to the hands of the husband. The attorney, and the intermediate agent who received the money, acted for the wife, at least such is the necessary implication, the husband never having attempted to obtain the possession of it, or to exercise any control over it.

The complainant not being entitled to relief on either ground, and the Chancellor having sustained a demurrer to her bill and dismissed it, the decree must be affirmed.

*Pilcher* for plaintiff; *Fry & Page* for defendants.