JUDGE LINDSAY
delivered the opinion oe the court.
A husband may permit his wife to set apart the proceeds of her general estate to her own separate and exclusive use; but his intention to do so must be manifested by a distinct act, unequivocal in its nature, and inconsistent with the idea that he reserves the right in any possible contingency to assert his claim as husband to such estate.
If a husband desires to convert the wife’s earnings as such into separate estate, to be used by her to his exclusion, he must avail himself of the provisions of the statutes authorizing courts of equity to empower married women to acquire, hold, and enjoy property as femes sole. (Uhrig v. Horstman & Sons, 8 Bush, 172.)
A husband may keep the proceeds of the wife’s general estate and the profits accruing from her domestic affairs distinct from his general business; may loan out the moneys accruing from these sources in his wife’s name, take the notes payable to her, and recognize her property in or ownership of such notes; and still the estate thus held will be prima facie the general estate of the wife, liable at any time to be reduced to possession by the husband, and such estate as he will take as survivor in case of the wife’s death.
The action of the court in giving and refusing instructions in this case was inconsistent with the law as herein announced. As the case stood upon the conclusion by appellee of his testimony, the court' would have- been warranted in giving a peremptory instruction to the jury to find for appellant.
Judgment reversed, and cause remanded for a new trial upon principles not inconsistent with this opinion.