JAMES WOODWARD, ET AL., *v.* ELIZABETH MIDDLETON.

**Husband and Wife—Property Acquired by Wife.**

> A husband may at any time exercise his marital right to reduce to possession the estate he has permitted and assisted his wife to acquire, and where she dies first he takes it as survivor, notwithstanding it had been his intention that she should hold, own and control it at her discretion; but where he does not exercise this right and has no creditors, after his death his personal representatives cannot defeat his intention and wish by making an election and exercising a right which vested in the husband alone, and which, from its personal character, could not survive his death.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 15, 1877.

OPINION BY JUDGE LINDSAY:

It is not disputed that the decedent permitted his wife to carry on the business in her own name. He assisted in keeping the books of the business house and knew that the purchases were made by her, that bill-heads on which accounts were made out represented the wife as the owner of the establishment, and that the bank deposits were all made in her name. In fact, in the transaction of the business the existence of her husband was completely ignored, and the wife was, with his knowledge and consent, hailed by all the world as a feme sole.

It is not material in this controversy to determine whether the estate accumulated by the wife in the prosecution of the business thus carried on is separate or general estate. The fact that the husband intended her to own it is established beyond all doubt. Prior to the legislation providing for investing married women with the rights of feme sole, the property in dispute would have been treated as the separate estate of the wife, and she would have had the right in equity, as against her husband and his representatives, to hold and treat it exclusively her own, provided the rights of the husband's creditors did not interfere. *Basham v. Chamberlain*, 7 B. Mon. 443.

Sec. 4, Art. 2, Chap. 47, Revised Statutes, and the act of February 14, 1866 (Myers's Supplement, 128), made provision for married women being empowered to transact business in their own names, to bind themselves by their personal undertakings, and also for the protection of the property acquired by them against the claims of their husbands and their husbands' creditors. This legislation has been regarded by this court as an implied abrogation of the pre-exist-

ing equitable rule, and hence we said in the case of *Uhrig v. Horstman & Sons,* 8 Bush 172 : "We conceive that under existing laws it is not within the power of the husband by mere assent, or even by an express agreement to that effect, to convert his wife's earnings, or the profits of any trade or business he may permit her to carry on, into separate estate, to be used and enjoyed by her to his exclusion," and this is the utmost extent to which the doctrine announced in the subsequent case of *Hannon v. Madden,* 10 Bush 664, can be carried.

But here the question does not arise whether the property in dispute is the separate estate of the wife. It is whether, after the death of the husband, his personal representative can treat it as the husband's property, there being no pretense that it is necessary to do so for the protection of creditors. In *Penn v. Young,* 10 Bush 626, it is said : "A husband may keep the proceeds of his wife's general estate and the profits accruing from her domestic affairs distinct from his general business ; may loan out the moneys accruing from these sources in the wife's name, take the notes payable to her, and recognize her property in or ownership of such notes ; and still the estate thus held will be prima facie the general estate of the wife, liable at any time to be reduced to possession by the husband, and such estate as he will take as survivor in case of the wife's death."

This decision seems to be conclusive of the law of this case. Middleton might at any time have exercised his marital right to reduce to possession the estate he had permitted and assisted his wife to acquire, and if she had died first he would have taken it as survivor, notwithstanding all the unmistakable evidences he had given of his intention that she should hold, own and control it at her discretion ; but he did not choose to exercise this right, and as he has no creditors, his personal representative cannot defeat his unmistakable wish and intention by making an election and exercising a right which vested in the husband alone, and which, from its personal character, could not survive his death.

The judgment of the chancellor conforms to these views and it is therefore *affirmed.*

*John M. Harlan, for appellants.*

*William Mix, I. & J. Caldwell, for appellee.*