NANCY FIELD *v.* S. B. FIELD'S ADM'R.

**Husband and Wife and Husband's Creditors.**

The savings of a wife may, with the consent of her husband, be applied to her separate use, and she may retain them as her own so far as regards her husband or his representatives after his death, but such claims of the wife cannot be enforced against the husband's creditors.

APPEAL FROM ADAIR CIRCUIT COURT.

January 16, 1880.

OPINION BY JUDGE COFER:

It seems to us that the case of *Basham v. Chamberlain,* 7 B. Mon. 443, is conclusive of this case.

The court there said that "the savings and profits made by the wife, the result of her industry and economy, may with the consent of her husband be applied to her separate use, which she will in equity have a right to retain exclusively as her own, so far as it regards her husband or his representatives after his death, where the rights of creditors do not intervene." But we know of no case in which it has been held that such an equity in the wife can be enforced against the husband's creditors.

It was admitted on trial that the husband's estate would be insufficient to pay his debts. At most the appellant has but an equity, and to enforce it to the prejudice of her husband's creditors, who have an equal equity and also a legal right, would be to put contracts between husband and wife upon an equality with contracts between the husband and third persons, and to remove at once all restrictions upon the power of contracting between husband and wife. This is, we think, forbidden alike by the law and a sound public policy. See *Maraman's Adm'r v. Maraman,* 4 Met. 84.

Judgment *affirmed.*

*T. C. Winfry, A. Duvall, for appellant.*

*William Stewart, for appellee.*