M. F. BRINKLEY v. W. B. HUGHES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—306.]

**Gift of Household Goods by Husband to Wife.**

A husband can not by secret gift transfer to his wife his personal property, the possession and use of which remains with him as the head of the family, so as to vest the title in her as separate estate free from his martial rights or the claims of his creditors.

APPEAL FROM WARREN CIRCUIT COURT.

October 21, 1885.

OPINION BY JUDGE WARD:

In January, 1883, W. B. Hughes executed to appellant, M. F. Brinkley, a note for $523.03, and to secure its payment gave him a mortgage on certain household goods, including a set of furniture and a piano. Brinkley instituted this suit to subject the mortgaged property to the payment of his debt.

Alice Hughes, the wife of W. B. Hughes, filed her petition and claimed the property. She says that she was married to W. B. Hughes in 1874; that they lived together as man and wife until March, 1883, when, for cause unknown to her, her husband abandoned her, leaving her with two small children and without any means of support; that the property was bought by her husband in 1875-6, and when bought was given to her by her husband for her own separate use, and she had claimed it as her property ever since. That the property was used by husband and wife, managed and controlled as household goods usually are, is established by all the proof.

The claim presented by the appellee is one which addresses itself strongly to the sympathy of the court, and may illustrate the necessity of legislative action which would place it beyond the power of a husband to mortgage certain real property, without the consent of the wife; but over these matters the court has no control. It must give effect to the law as made.

We know of no law by which the husband can by secret gift transfer to the wife his personal property, the possession and use of which remains with him as the head of the family so as to vest

the title in her as separate estate free from his marital rights or the claims of his creditors. The gift in this case was verbal, the property necessary to be used by the family; and if such property under such circumstances could be relieved from the claims of the husband's creditors, it would open a wide door to fraud and collusion between husband and wife. It has been decided that since the passage of the act authorizing courts of chancery to empower a married woman to acquire and hold property as though unmarried, a husband can not by mere assent, or even by an express agreement, allow his wife to convert her earnings into separate estate to be held by her to his exclusion or that of his creditors. This can be done now only in the mode pointed out by the statute. *Uhrig v. Horstman,* 8 Bush (Ky.) 172; *Penn v. Young,* 10 Bush (Ky.) 626. If he can not do this as to her own earnings where she may be in business ostensibly on her own credit and account, for a greater reason it would seem he should not be allowed to make a secret voluntary conveyance of his property in the ordinary course of living or business, so as to vest the title in the wife free from the claims of his creditors, prior or subsequent.

The claim of his wife should be denied. The judgment should be reversed and the case remanded for further proceedings in conformity herewith.

Judgment *reversed.*

*Rodes, Settle & Rodes, for appellant.*

*I. T. Woodson, for appellee.*

[Cited, *Perkins v. Mann,* 19 Ky. L. 576, 41 S. W. 1.]