CHIEF JUSTICE HARDIN
delivered the opinion op the court.
On the 14th of June, 1865, a controversy between C. S. Hill, Wayne Ferguson, Isaac Jones, and others was terminated in the Marion Circuit Court, that court then rendering a personal judgment in favor of Hill against Ferguson for the sum of $392.23, with interest from the 21st of August, 1862, and at the same time rendering a further judgment in favor of Ferguson against Jones for $401.58, with interest from said 21st day of August, 1862.
On each of these judgments an execution was duly issued, and returned by the proper officers “ no property found.”
On the 8th of March, 1872, this suit in equity was instituted by Hill against both Ferguson and Jones, and Susannah Jones, the wife of Isaac Jones, setting up said judgments, executions, and returns, and seeking to attach and subject to his debt against Ferguson, in discharge of so much of the debt of the latter against Jones, a house and lot in the town of Lebanon, conveyed to said Susannah Jones by P. B. Riffe and wife on the 25th of August, 1866, for the consideration of seven hundred and twenty-five dollars; also another lot in said town, conveyed to said Susannah by C. Beeler the 21st of February, 1872, for the consideration of five hundred and fifty dollars. Upon the alleged ground that both of said deeds were fraudulent as to the creditors of Isaac Jones, and that the whole of the consideration thereof was paid by him with his own money, the plaintiff sought to have the conveyances declared inoperative as to him, and the lots, or so much thereof as necessary, sold to satisfy his claim.
Jones and wife answered separately, each denying all fraud *694 alleged as to the purchase of the lots, and that the prices of them were paid by the husband, or with his money; but alleging, on the contrary, in substance and effect, that Mrs. Jones, with means of her own not derived from her husband, and over which he took no control, purchased and paid for the lots, and took the deeds to herself before the plaintiff, by the institution of his suit or otherwise, had asserted or acquired any claim against them or either of them whatever.
On hearing the cause the court adjudged that the lots were purchased and paid for by Mrs. Jones with her husband’s money, and that the deeds were made to her in fraud of his creditors; and further adjudged that they, as well as another small tract of land not mentioned in the pleadings, but attached by the sheriff, be subjected to the satisfaction of the plaintiff’s claim; and this appeal is prosecuted for a reversal of that judgment.
The evidence is meager and somewhat unsatisfactory as to the source from which Mrs. Jones derived the money paid for the lots. It is nevertheless clear that she made the purchases and paid the stipulated prices herself; and, although it does not appear that the money had been in any manner secured to her separate use, the conclusion is authorized that she was the meritorious owner of it, and that her husband assented to its investment in the lots as her estate.
Giving to these facts their strongest legal effect as against Mrs. Jones, according to the cases of Basham v. Chamberlain (7 B. Mon. 443) and Uhrig, &c. v. Horstman & Sons (8 Bush, 172), cited and relied on by the appellee, the passive assent of Isaac Jones to his wife’s conversion of the money paid to Riffe and Beeler into the lots as her general estate did not affect the validity of the deeds to her, further than to render them voluntary and void as to antecedent creditors — not actually fraudulent. (Lyne, &c. v. Bank of Kentucky, 5 J. J. Marshall, 545.)
*695 If therefore the appellee, as the creditor of Ferguson (the creditor of Isaac Jones), could not maintain his action against Mrs. Jones at all to set aside or overreach the conveyances to her, or if he only acquired by his suit and attachment the right of a creditor of Jones subsequent to the conveyances, the judgment as against Mrs. Jones is, in our opinion, clearly erroneous.
It is a general rule, to which we can see nothing in this case constituting an exception, that a contract or conveyance will not be set aside for actual or constructive fraud, except at the option of -the party defrauded. (2 Story’s .Equity, section 1040; Ayers v. Hewitt, 19 Maine, 281.)
But if this were not so, and the position of the appellee was not more favorable to him than that of a creditor of Isaac Jones from the institution of his suit, he could not successfully attach either of the conveyances, as voluntarily procured by Jones, under the second section of chapter 40 of the Revised Statutes; for that expressly declares that voluntary conveyances “ shall not on that account alone be void as to ci’editors whose debts or demands are thereafter contracted.”
Until the appellee brought his suit at least his claim was exclusively against Ferguson, who has not even united with him in assailing the deeds, or attempted to transfer to him any right he may have had to do. so; and we can perceive no sufficient reason for treating him as a creditor of Jones, or a claimant against him, by substitution for Ferguson or otherwise, at any time before the commencement of the suit.
It results that the court below erred in subjecting the lots to the appellee’s claim.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition as to Mrs. Jones, and for further proceedings not inconsistent with this opinion.