CASE 93.—ACTION BY CHARLES L. BROWN'S ADMINISTRATOR AGAINST THE NEW YORK LIFE INS. CO.— July 7, 1902.

## New York Life Ins. Co. v. Brown's Admr.

Appeal from Pike Circuit Court.

From the judgment Brown's administrator appeals.—Affirmed.

1.  Insurance—Policy Payable to Stranger Having no Insurable Interest—Misrepresentations.—In an action to recover the amount of a policy of life insurance on the life of B , appellant alleged, as defenses, that the insured made false and fraudulent answers to questions propounded in the application as to the condition of his health, and as to the disease which had caused the death of his mother and other members of his family, and that he conspired with P. to have the policy issued under an agreement that P., who had no insurable interest in his life, should have the benefit of the policy, which was a speculative contract and obnoxious to public policy. On the trial the proof showed that P. paid the first premium to the agent upon the assurance from the insured that he did so at his request. Afterwards an agreement was made between P. and the insured that if F. paid the premiums and a certain amount to parties designated by the insured at his death, that he could have the benefit of the policy. In this State the rule is well established that no one can enforce a policy of insur-

ance upon the life of another without having an insurable interest in the life of such person, but it is equally well settled that the contract of insurance is not violated by the designation of a person prohibited by law from being the beneficiary. The only interest of the stranger in such case is the right to have repaid to him moneys advanced to pay the premiums, and all the overplus of the fund belongs to the beneficiary who had an insurable interest in the life of the insured. The policy recognizes the right to change the beneficiary and assign the policy, besides, under the laws of New York, policies are assignable to persons having no insurable interest in the life of the insured. ·

2. Instructions—Fraud—Appellant offered no instruction on the question of fraud, and, therefore, can not complain on appeal of the action of the court in failing to give instructions.

3. Evidence.—This court is not disposed to consider the question as to the verdict being against the weight of evidence when it is apparent from the record that part of the evidence heard on the trial is not embraced in the record.

HUMPHREY, BURNETT & HUMPHREY, and HAGER & STEWART, for appellant.

EDWARD W. HINES, T. L. EDELEN, J. M. YORK, C. C. YORK and GEO. PINSON, JR., for appellee.

OPINION OF THE COURT BY JUDGE BURNAM—Affirming.

This action was instituted by appellee as administrator of Charles L. Brown, deceased, against appellant, The New York Life Insurance Co., upon a policy for $5,000 on the life of Brown, payable to his executors, administrator, or assigns. Two defenses were plead by the company. First, that the insured had in his application, in answer to questions propounded to him by the company, made false and fraudulent answers as to the condition of his own health and as to the disease which had caused the death of his mother and other members of his family. Second, that the insured, Charles L. Brown, knowing that he

was not a proper subject for life insurance, and that he was afflicted with consumption, which facts were also well known to one George Pinson, Jr., fraudulently conspired with him to procure the issual of the policy sued on, under an agreement that Pinson, who had no pecuniary or other interest in his life, should have the benefit of such insurance.

It appears from the evidence that the deceased, at the solicitation of an agent of the company, applied for the policy on the thirty-first day of July, 1897, and was on that day subjected to a physical examination by one of the surgeons of the company; and that the annual premium of $105 due upon the policy was paid to the agent of the company by Pinson, the deceased stating to the agent of the company that the money was advanced by Pinson for him at his request. The policy of insurance was issued by the company at its home office in New York City on the 17th day of August, 1897, and was addressed to the deceased in care of George Pinson, Jr. After it was received, Brown entered into a written agreement with Pinson, by which it was stipulated that, in consideration of Pinson paying the annual premiums upon the policy as they became due and $500 at the death of the insured to his father or such other person as he might direct, the policy was assigned and delivered to Pinson. Brown died about ten months after his application. Pinson at first claimed the benefit of the contract which he had made with Brown and refused to surrender the policy to his administrator, but subsequently did so in consideration of his employment as an attorney by the administrator at the agreed fee of $1,750. A jury trial resulted in a verdict for the full amount of the policy against appellant.

The principal grounds relied on for reversal are, first, that the verdict is flagrantly against the weight of the evidence, and second, because of the refusal of the circuit judge to give an instruction based upon the theory that the policy was a wagering and speculative contract and obnoxious to public policy. The instruction based upon the first defense relied on, is perhaps, more favorable to the defendant than they were entitled to, and we would be very reluctant to disturb the verdict of the jury upon this ground, even, if we had before us all the evidence heard by the jury upon the trial. But as a matter of fact, the record shows that the depositions of Frances Mitchel and Dr. Hadden were used as evidence upon the trial and they are all embraced in the bill of exception. It is true that the clerk in copying the bill of exceptions has referred to these depositions in other parts of the transcript. This, however, under the rulings of this court is not sufficient to make them a part of the bill or authorized their consideration upon this appeal. Young v. L. C. & L. R. Co., 7 Rep., 165; L. & N. R. Co. v. Finley, 86 Ky., 294: Forest v. Crenshaw, 81 Ky., 51. And in addition to the two depositions referred to the record of the suit of Brown's Adm'r v. Pinson is omitted from the bill, and the trial judge did not certify that the bill contains all the evidence.

There is a great diversity in the opinions of courts of last resort as to the right to take out life insurance for the benefit of a stranger. Many of the courts hold that where a person obtains a policy on his life and pays the premiums himself, he may make the policy payable to one who has no insurable interest in his life and by so doing no rule of law or public policy would be violated. See Johnson v. Vaneps,

110 Ill., 551; Elkhart Mut. Aid Ben. Ass. v. Haughton, 103 Ind., 286; Heard v. Doty, 21 L. R. A., 746. But in this State the rule is well established that no one can enforce a policy of insurance issued upon the life of another without having an insurable interest in the life of such person. Basye v. Adams, etc., 81 Ky., 223, and Beard v. Sharp, 100 Ky., 606. But it is equally well settled that the contract of insurance is not violated by the designation of a person prohibited by law from being the beneficiary. See Cordal v. Woodward, 96 Ky., 646. Neigiham v. Brouger, 96 Ky., 132, and Cook on Life Insurance and Benefit Societies, p. 106. In Beard v. Sharp, it was held that where the beneficiary in a policy, on the life of his mother agreed with a stranger, who had no interest in the life of the insured, that if he would pay the assessments during the remainder of the life of the insured, that he should have one-half of the insurance, and in pursuance to the agreement, a new certificate was issued payable one-half to each of them, that this subsequent agreement did not invalidate the policy, but that the only interest of the stranger was the right to have repaid to him moneys advanced to pay the premiums, that all the overplus of the fund belonged to the beneficiary who had an insurable interest in the life of the insured.

Pinson testifies that he had no interest in the policy at all until after the agreement of August 26th, that he only advanced the first premium as a matter of accommodation, expecting Brown to pay him out of his salary as a teacher of a public school.

The gist of the defense relied on in the second paragraph of appellant's answer is that there was a fraudulent conspiracy between Brown and Pinson to deceive the company as to the true condition of

Brown's health, and thereby induce them to issue the policy. Appellants do not plead that the mere fact that the insured intended when he applied for the policy to assign it to Pinson, would of itself render the policy void, and in our opinion it would not have had such an effect, especially in view of the fact that both the policy and application recognize the right of Brown to change the beneficiary and assign the policy, and no limitation or restriction is contained in the policy itself requiring such assignment to be made to one having an insurable interest in his life. And we are confirmed in this view by the fact that the application expressly provided that both the policy and application were to be construed with reference to the law of the State of New York, where assignments are permitted to parties having no insurable interest in the life of the insured; and the policy is uncontestable after it has been in force one full year, the premiums having been duly paid; and that neither Brown nor Pinson supposed they were doing anything wrong in making such an agreement, is shown by the fact that Pinson notified both the agent and the company, who took out the policy, and the examining surgeon, of the contemplated arrangement at the date of the application, and it was subsequently recorded as a public document. Besides appellant did not ask for an instruction submitting the question of fraud, and that question therefore is not before this court upon this appeal.

Perceiving no error prejudicial to the rights of appellant, the judgment is affirmed.