CASE 34.—ACTION BETWEEN MARY E. MORGAN, ADMINIS-
TRATRIX, AND JAMES W. SEGENFELTER AND
OTHERS TO DETERMINE THE RIGHT TO THE
PROCEEDS OF A BENEFIT CERTIFICATE ISSUED
BY THE KNIGHTS OF HONOR.—November 26.

# Hess' Admr. v. Segenfelter, &c.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From the judgment Mary E. Morgan appeals—
Reversed.

1. Insurance—Insurable Interest.—In the absence of statutory
prohibition, a person may take out insurance on his own life
and designate whom he pleases as the beneficiary.

2. Same—Wagering Policies.—A person may not himself procure,
nor obtain by assignment, insurance upon a life in which he
has not an insurable interest, growing out of kinship, de-
pendency, or the relation of debtor and creditor; nor may a
person insure his own life for the benefit of any other, if that
other induces him to procure the insurance and pays the
premium thereon, or if the insurance was obtained with a
view to evade the laws against speculative insurance.

3. Same—Mutual Benefit Insurance—Beneficiaries.—Under sub-
division 3, art. 4, ch. 32, Ky. Stats., 1903, sections 678, 680, for-
bidding domestic assessment and co-operative life insurance
companies to issue a certificate or policy upon any life in
which the beneficiary named has no interest, and forbidding
foreign insurance companies on the assessment plan to do
business in this State until they shall file with the Commis-
sioner of Insurance a certificate showing, among other things,
that "its certificates or policies are payable only to beneficia-
ries having a legal insurable interest in the life of the mem-
ber or insured," a member of a fraternal or benevolent organ-
ization, who obtains insurance upon his own life and himself
pays the premiums, may not designate a first cousin, not

having an insurable interest in his life, as a beneficiary, though permitted to do so by the charter of the order.

4. Same—First Cousins.—First cousins, who are not dependent on or creditors of an insured, have not an insurable interest in his life.

5. Same—Pecuniary Consideration.—Where the relationship of beneficiaries in an insurance policy to the insured is, as in the case of a husband and wife, parent and child, sister and brother, so close as to preclude the probability that mercenary motives would induce the sacrifice of life to gain the insurance, the element of pecuniary interest is not essential to the validity of the policy.

6. Same — Statutes — Retroactive Operation — Insurance. — Act March 24, 1906 (Laws 1906, p. 481, ch. 142), enlarging tne power of members of fraternal societies in the designation of beneficiaries to those having no insurable interest, has no application to policies issued before its passage.

HENDRIX & MILLER and JAMES W. EDEN for appellant.

L. D. HUSBANDS and T. B. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

C. F. Hess died in 1904, a member in good standing of the Knights of Honor, a corporation created under the laws of the state of Missouri, "to promote benevolence and charity by establishing a widows' and orphans' fund from which, on satisfactory evidence of the death of a member of the order who had complied with all its lawful requirements, and who is at the time of his death in good standing according to the laws of the order, a sum not exceeding two thousand dollars shall be paid to said member or members of his family, blood relatives, or person or persons dependent on him, as he may direct or designate by name, to be paid as provided by general law; provided, however, any member desiring to have

afterborn children to participate in his certificate may so designate without doing so by name"—the constitution also providing that "a member desiring to change his beneficiary may at any time while in good standing surrender his benefit certificate and obtain a new one in lieu thereof, payable as he shall have directed within the limitations prescribed by the laws of the order." In 1901 Hess surrendered the certificate he then held in this order, payable to his aunt, and upon his request there was issued a certificate for $2,000 payable to the appellees, who are his first · cousins. This controversy is between the appellees and the appellant, Mary E. Morgan, the only surviving sister of Hess, who asserts claim to the fund by reason of her relationship and also as administratrix of his estate. The Knights of Honor paid the money into court, and upon hearing the case the circuit court adjudged that the appellees were entitled to the fund in controversy, and a reversal of this judgment is sought.

For appellant it is urged that appellees had no insurable interest in the life of Hess, and therefore are not entitled to the insurance upon his life under the certificate issued to him by this fraternal organization. The appellees contend that, being blood relatives of Hess, he had the right under the provisions of the charter before quoted to designate them as the beneficiaries of the fund, and the circuit court properly adjudged·them entitled to it. Whether or not a member of a fraternal or benevolent organization who obtains insurance upon his own life and himself pays the premiums can designate as a beneficiary a person who has not what is generally known as an insurable interest in his life, but who is permitted to be made a beneficiary by the charter ·of the order, presents

a most interesting question, and one that has attracted a great deal of attention from courts as well as text-writers. If we did not feel constrained to follow the provisions of the statute that will be hereafter noticed, we would announce the principle that the question of insurable interest was not involved, when a member of a fraternal or benevolent association in good faith obtained insurance upon his own life, and himself paid the premium, and there was no fact or circumstance connected with the transaction tending to show that it had any of the elements of a wagering or speculative contract, and rule that a person obtaining such insurance might designate any person as a beneficiary within the limits prescribed by the rules of the order. All the courts of last resort, with possibly one exception, and the text-writers on insurance generally, are agreed that a person may take out insurance upon his own life and designate whom he pleases as the beneficiary. This doctrine is based upon the sound and sensible theory that it is not reasonable to suppose that a person will insure his own life for the purpose of speculation, or be tempted to take his own life in order to secure the payment of money to another, or designate as the beneficiary a person interested in the destruction and not in the continuance of his own life. Vance on Insurance, section 49; Heinlein v. Imperial Ins. Co., 101 Mich. 250, 59 N. W. 615, 25 L. R. A. 627, 45 Am. St. Rep. 409; Morrell v. Trenton Mutual Life Ins. Co., 10 Cush. 282, 57 Am. Dec. 92; Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251; May on Insurance, section 112; Bliss on Insurance, section 76; Bacon on Insurance, section 729; Beach on Insurance, section 861; Joyce on Insurance, section 729; Bloomington Mutual Benefit Association v. Blue, 120

Ill. 121, 11 N. E. 331, 60 Am. Rep. 558; Union Fraternal League. v. Walton, 109 Ga. 1, 34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350; Prudential Ins. Co. v. Hunn, 21 Ind. App. 525, 52 N. E. 772, 69 Am. St. Rep. 380; N. W. Masonic Aid Ass'n v. Jones, 154 Pa. 99, 26 Atl. 253, 35 Am. St. Rep. 810; Albert v. Mutual Life Ins. Co., 122 N. C. 92, 30 S. E. 327, 65 Am. St. Rep. 693. On the other hand, what is known as "wagering or gambling insurance" is universally condemned, and our court, in harmony with the doctrine generally prevailing, is strongly committed to the principle that a person cannot himself procure insurance upon a life in which he has not an insurable interest, growing out of a kinship, dependency, or the relation of debtor and creditor, nor obtain an assignment of such insurance; nor will a person be permitted to insure his own life for the benefit of another, if that other induces him to procure the insurance and pays the premiums thereon, or there is any evidence tending to show that the insurance was obtained with a view to avoid or evade the law against speculative insurance  Griffin's Adm'r v. Equitable Assurance Society, 84 S. W. 1164, 27 Ky. Law Rep. 313; Brombley v. Washington Life Ins. Co., 92 S. W. 17, 28 Ky. Law Rep. 1300, 5 L. R. A. (N. S.) 747; Beard v. Sharp, 100 Ky. 606, 38 S. W. 1057, 18 Ky. L. R. 1029; New York Life Ins. Co. v. Brown, 66 S. W. 613; 23 Ky. Law Rep. 2070; Baldwin v. Haydon, 70 S. W. 300, 24 Ky. Law Rep. 900; Wrather v. Stacey, 82 S. W. 420, 26 Ky. Law Rep. 683; Lee v. Mutual Life Insurance Company, 82 S. W. 258, 26 Ky. Law Rep. 577; Barbour v. Larue, 106 Ky. 546, 51 S. W. 5, 21 Ky. L. R. 94; Basye v. Adams, 81 Ky. 363, 5 Ky. L. R. 91; Lockett v. Lockett, 80 S. W. 1152, 26 Ky. Law Rep. 300; Scott v. Scott, 77 S. W. 1122, 25 Ky.

Law Rep. 1356; Adams v. Reed, 38 S. W. 420, 18 Ky. Law Rep. 853, 35 L. R. A. 692; Bramblet v. Hargis, 94 S. W. 20, 29 Ky. Law Rep. 610. Such insurance has a tendency to create a desire to destroy the life of the insured to obtain the insurance, there being no tie of blood, or kindred, or interest, to wish its prolongation; and a person who procures for his benefit insurance upon the life of another, when he is not connected with that life by ties of kindred or dependency, or interested in its continuance from business motives, may be actuated solely by a purpose to derive profit from its destruction, and be rewarded by wagering against the amount payable at his death · the sums expected in premiums during his life.

In subdivision 3, art. 4, c. 32, of the Kentucky Statutes of 1903, relating to assessment and co-operative life insurance companies, it is provided, in section 678, that "no corporation doing business under this law shall issue a certificate or policy upon the life of any person more than sixty years of age, nor upon any life in which the beneficiary named has no interest." And, by section 680, an insurance company organized under the laws of any other state for the purpose of furnishing life or accident insurance upon the assessment plan shall not be authorized to do business in this State until it has filed with the commissioner of insurance a certificate showing, among other things, that "its certificates or policies are payable only to beneficiaries having a legal insurable interest in the life of the member or insured." And this court in Supreme Commandery of Golden Cross v. Hughes, 114 Ky. 175, 24 Ky. L. R. 984, 70 S. W. 405, Ancient Order of United Workmen v. Edwards, 85 S. W. 701, 27 Ky. Law Rep. 469, Supreme Lodge of K. P. v. Hunziker, 87 S. W. 1134, 27 Ky. Law Rep. 1201, and

American Guild v. Wyatt, 100 S. W. 266, 30 Ky.
Law Rep. 632, held that section 679 of the subdivision
supra applied to fraternal and benevolent associa-
tions. Under the authority of these cases we see no
escape from the conclusion that sections 678 and 680,
supra, also apply to them. This being true, at the
time this contract of insurance was made, and when
the insured died, it was contrary to the statute for
these associations to issue certificates unless the ben-
eficiary named therein had a legal insurable interest
in the life of the insured. The Legislature in 1906,
by an act which became a law March 24, 1906 (Laws
1906, p. 481, c. 142), exempted from the operation of
the subdivision in question "fraternal societies,
lodges or councils, which are under the supervision
of a grand or supreme body, and securing members
through the lodge system exclusively, and paying no
commissions, nor employing any agents except in the
organization and supervision of the work of local
subordinate lodges or councils." So that, hereafter,
members in fraternal and benevolent associations
such as the Supreme Lodge of the Knights of Honor
will not be limited by statute in the designation of
beneficiaries to persons who have an insurable in-
terest in their lives; but this statute has no applica-
tion to the case before us. The rights of the parties
must be adjudged by the laws in force at the time the
certificate was issued.

The only remaining question is: Did appellees, who
were first cousins of the insured, have, in the mean-
ing of the statute, an insurable interest in his life?
It will be observed that the statute does not undertake
to define "insurable interest," and we are left to
ascertain its meaning by our own conceptions of what
is the proper definition of the words, guided by the

opinions of courts of last resort and text-writers dealing with the question. In the widely quoted case of Warnock v. Davis, 104 U. S. 775, 26 L. Ed. 924, Mr. Justice Field, speaking for the court, said: "It is not easy to define with precision what will in all cases constitute an insurable interest, so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest arising from the relations of the parties obtaining the insurance, either as creditor of, or surety for, the insured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life. It is not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation, for a parent has an insurable interest in the life of his child, and the child of his parent, a husband in the life of his wife, and the wife in the life of her husband. The natural affection in cases of this kind is considered as more powerful, as operating more efficaciously, to protect the life of the insured, than any other consideration. But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured. Otherwise the contract is a mere wager, by which the party taking the policy is directly interested in the early death of the assured." And in Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251, the court said: "It is well settled that a man has an insurable interest in his own life and that of his wife and children, a woman in the life of her husband, and a creditor in the life of his debtor. Indeed, it may be said generally that

any reasonable expectation of pecuniary benefit or advantage from the continued life of another creates an insurable interest in such life.'' It has been held a son has an insurable interest in the life of his father. Reserve Mutual Life Ins. Co. v. Kane, 81 Pa. 154, 22 Am. Rep. 741. A father has an insurable interest in the life of his child. Williams v. Wash ington Life Ins. Co., 31 Iowa, 541. Sisters and brothers have an insurable interest in the life of each other. May on Insurance, section 107. A wife has an insurable interest in the life of her husband, and a husband in the life of his wife. Currier v. Conti-nental Life Ins. Co., 57 Vt. 496, 52 Am. Rep. 134; Ky. St. 1903, section 654. A person dependent upon the life of another has an insurable interest in that life. Lord v. Dall, 12 Mass. 115, 7 Am. Dec. 38. A granddaughter has not an insurable interest in the life of her grandfather, nor has a nephew, as such, an insurable interest in the life of an aunt, nor a son-in-law an insurable interest in the life of his mother-in-law. May on Insurance, section 107. In Singleton v. St. Louis Ins. Co., 66 Mo. 63, 27 Am. Rep. 321, an uncle was held not to have an insurable interest in the life of his nephew. In Burton v. Conn. Mut. Life Ins. Co., 119 Ind. 207, 21 N. E. 746, 12 Am. St. Rep. 405, the court held that a grandchild had no insurable interest in the life of his grandfather. A stepson has no insurable interest in the life of his stepfather, where he has a separate home and family of his own. United Brethren Mutual Aid Society v. McDonald, 122 Pa. 324, 15 Atl. 439, 1 L. R. A. 238, 9 Am. St. Rep. 110.

These authorities illustrate the limitations that have been placed on insurable interest, and the extent to which the courts have gone in an effort to prevent

wagering and speculative contracts of insurance. Although an examination of them will show various reasons for the conclusion reached, it may safely be said that the relationship of creditor and debtor must exist, or that the beneficiary must have or expect some pecuniary relief, benefit, or advantage from the continuance of the life of the insured, or the relationship growing out of ties of blood or marriage must be so close as to justify the well-founded belief that loss or disadvantage would naturally and probably arise to the party in whose favor the policy is written from the death of the person whose life is insured. Generally the courts have endeavored to make insurable interest dependent on the question that pecuniary loss would presumably result to the beneficiary from the death of the insured; but where the relationship, as in the case of husband and wife, parent and child, sister and brother, is so close as to preclude the probability that mercenary motives would induce the sacrifice of life to gain the insurance, the element of pecuniary consideration is not deemed essential to sustain the validity of the policy. But looking at the question from any standpoint, cousins, who are not dependent on or creditors of the insured, cannot fairly be said to have an insurable interest in his life.

Wherefore the judgment is reversed, with directions to enter a judgment giving to appellant the insurance.