CASE 12.—ACTION BY GEORGE W. SMITH AND OTHERS
        AGAINST R. W. AGNEW AND THE MUTUAL LIFE
        INSURANCE COMPANY OF NEW JERSEY.—November 18, 1909.

## Smith v. Agnew

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Action as to Agnew dismissed on demurrer and plaintiffs appeal.—Affirmed.

1.  Insurance—Insurable Interest.—One not a creditor nor related to insured has no insurable interest in his life.
2.  Insurance—Life Insurance—Assignment of Policy.—An instrument assigning a policy of insurance to hold the same unto the assignee and to be paid to him at maturity, the assignee agreeing on any settlement of the policy that there should be first deducted all the then existing indebtedness to the company, without expressing what the assignee is to do, or that he. is to do anything, is void and unenforceable.
3.  Insurance—Assignment of Life Policy—"Wagering Contract."—Where a policy of life insurance was assigned with an agreement that the assignee should pay the premiums, and, when the policy was paid, retain the amount so paid and a certain part of the surplus, is void as a "wagering contract."

VANCE & HEILBRONER for appellants.

W. P. McCLAIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1884. the Mutual Benefit Life Insurance Company of Newark, N. J., issued to George W. Smith a policy of insurance for $3,000 in consideration of

his agreement to pay an annual premium during his life. The beneficiaries named in the policy were his children, now the appellants. Smith died in 1908, and after his death the beneficiaries brought this suit against the insurance company and R. W. Agnew, alleging that in 1904 their father, the insured, entered into a written contract with Agnew by the terms of which Agnew agreed to pay all annual premiums that might thereafter fall due, keep the policy in force until the death of the insured, and, upon his death, collect the amount due on the policy, and, after deducting and retaining the premiums paid by him, the balance of the amount paid by the insurance company was to be divided equally between Agnew and the beneficiaries in the policy. They further averred that in pursuance of the agreement the policy was assigned and transferred to Agnew, and that, if the policy had lapsed or become of no effect, it was because Agnew had failed to perform his part of the contract and pay the annual premium. They sought judgment against Agnew for their part of the policy. Agnew was called on in the pleading to produce and file the policy of insurance, as well as the contract entered into between himself and Smith. Thereupon Agnew filed the policy, as well as the contract of assignment, which reads as follows: "For value received we do hereby assign, transfer and set over unto R. W. Agnew the above-named policy of insurance, and all sum or sums of money, interest, benefit and advantage whatsoever, now due or hereafter to arise, or to be had or made by virtue thereof; to have and to hold unto the said R. W. Agnew and to be paid to him at maturity the said assignee hereby agreeing that in any settlement of the said policy there

shall first be deducted all then existing indebtedness to the company on said policy." A demurrer interposed by Agnew was sustained, and, declining to plead further, the petition as to him was dismissed.

The only question before us is the correctness of the ruling of the court in dismissing the petition as to Agnew. It is conceded in the brief of counsel that Agnew did not have any insurable interest in the life of Smith, not being his creditor, or related to him in any way. Under the pleading the rights of the parties are to be determined by the written contract, and it is manifest from it, taking in connection with the fact that Agnew did not have any insurable interest in the life of Smith, that the contract was void and unenforceable in its inception and at all times thereafter. It has been settled by repeated decisions of this court that a person who has not an insurable interest in the life of another cannot take an assignment of an insurance policy upon such life. The authorities are fully collected in the case of Hess v. Segenfelter, 127 Ky. 348, 105 S. W. 476, 32 Ky Law Rep. 225, 14 L. R. A. (N. S.) 1172. As the contract was void—in fact, no contract—it is clear that a cause of action predicated upon it cannot be maintained, as the law will not enforce what it has forbidden and denounced. Bromley v. Washington Life Insurance Company, 122 Ky. 402, 92 S. W. 17, 28 Ky. Law Rep. 1300, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 453. The case of Vaughan v. Reddick, 106 S. W. 292, 32 Ky. Law Rep. 531, relied on by counsel for appellants, does not support his contention.

In that case Vaughan, the insured, made a contract with Reddick, a stranger, to pay the premiums upon the policy and assigned the policy to him as

security. The only interest that the assignee, Reddick, had in the policy, was to hold it as indemnity for what he might pay in the way of premiums. The court held that this contract was valid; the only question in the case being whether or not a person who had for a sufficient consideration obligated himself to pay the premiums could be made liable in an action for a breach of his contract. It was not decided that a person who had no insurable interest in the life of another might by assignment or otherwise acquire an interest in the policy independent of or in excess of the amount paid as premiums. It has never been held that an insured might not make a valid contract with another who had no insurable interest in his life to pay the premiums, nor that he might not pledge to the person paying the premiums so much of the policy as was necessary to secure him in the amount of premiums paid. In this kind of a contract the question of insurable interest is not involved, as the person paying the premiums has no interest in the policy except as security for the premiums paid. If the policy had been assigned to Agnew under an agreement by which he was to hold it as security for any sums he paid as premiums, then under the authority of Beard v. Sharp, 100 Ky. 606,38 S. W. 1057, 18 Ky. Law Rep. 1029, and other cases, Agnew could retain a sufficiency of the proceeds realized from the policy to reimburse him for the amount of premiums paid.

And so, if Agnew for a sufficient consideration had agreed to pay the premiums, and failed to do so, thereby causing loss to Smith, Smith could, as held in Vaughan v. Reddick, supra, sue him for a breach of the contract and recover the damages he sustain-

ed.  But in the case at bar the written contract upon
which the action is based is an unconditional assign-
ment of the entire policy to Agnew without express-
ing what he is to do or that he is to do anything.
This being so, the contract was void, and conse-
quently nonenforceable.  But if we should assume
that Agnew, independent of the writing, agreed to
pay the premiums, and when the policy was paid
retain the amount so paid and one-half or any other
part of the surplus, the contract as a whole would
likewise be void.  The contract of assignment,
whether looked at as it appears in the writing, or as
it is stated in the petition, is nothing more nor less
than a wagering speculative contract of insurance.
If it should be upheld, the barriers that the court
have set up to prevent wagering insurance would be
of little effect.  To avoid the prohibition it would
only be necessary to stipulate that the assignee
should in consideration of the payment of the
premiums have such interest in the policy as might
be agreed upon.

The petition does not charge that Agnew ever paid
or agreed to pay any premiums, except in consid-
eration of the fact that he was to become an equal
owner in the policy with Smith, and receive in ad-
dition to the premiums he might pay one-half of
the amount received on the policy, and the attempt
is to recover from Agnew one-half the amount of
the policy, or, to be more accurate, that part of the
policy that Smith was to receive under the contract.
In other words, the legal effect of the contract is
precisely the same as if Agnew had taken an as-
signment of the policy and agreed to pay Smith
$100 or any other specified amount for it.

The question presented is not like that considered by the court in Beard v. Sharp. There the contract made by the insured with Sharp as assignee of the policy was similar to the contract here made by Agnew, but in that case the money realized on the policy was paid to Sharp as assignee, who had fully performed his contract. And the question before the court was whether or not Sharp as against the beneficiary was entitled to hold that part of the insurance the contract gave him the right to retain, or only so much as would cover the premiums paid by him, and it was held that he could only retain the amount of the premiums. Here the attempt is made to specifically enforce an invalid executory contract. There is no claim that Agnew ever paid any premiums or did any other thing entitling him to an interest in the policy.

The judgment of the lower court dismissing the petition is affirmed.