## Stewart, et al. v. Stewart, et al.

(Decided June 12, 1913.)

Apeal from Pike Circuit Court.

1. Action—Deed—Fraud—Assignment.—The right of a vendor to avoid a deed on the ground of fraud practiced by the vendee is a mere per onal right incapable of sale 'or transfer.

2. Vendor and Purchaser—Deed—Fraud—Right of Purchaser to Set Aside Prior Deed of Grantor on the Ground of Fraud.—An attorney who purchases from a grantor who has previously sold and conveyed the property, with notice of such prior deed, acquires no right to institute an action not authorized by his grantor, to set aside the former deed on the ground of fraud, and to prosecute such action in opposition to his grantor's wishes.

3. Action—Right of—Assignment—Section 20 of the Civil Code.— Section 20 of the Civil Code, giving to the person to whom the transfer or assignment is made the right to be substituted in the action if the right of the plaintiff be transferred or assigned during the pendency of the action, does not apply to a case where the assignment is made prior to the institution of the action and the action itself is unauthorized by the assignor. It is also limited to those cases where the right of action itself is a proper subject of assignment.

STRATTON & STEPHENS for appellants.

CHILDERS & CHILDERS and HOBSON & HOBSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On April 18, 1911, Zebedee Stewart and wife sold and conveyed to Thomas Stewart his interest in a tract of land in Pike County, Kentucky. The consideration recited in the deed was $100. On April 24th, he brought this action to have the deed set aside on the ground of fraud. Before defendant, Thomas Stewart, was summoned, his attorneys entered his appearance and tendered and offered to file an agreed judgment by which Zebedee Stewart released his right, title and interest in and to the land in controversy and consented that Thomas Stewart be adjudged the owner thereof. Pending the decision of the court on the entry of the agreed judgment, Zebedee Stewart filed an amended petition, changing in certain respects his allegations of fraud. E. D. Stephenson, his attorney, then filed a petition asking to be made a party. In this petition Stephenson pleaded that one

William Fields had purchased the land in controversy from Zebedee Stewart by title bond dated April 21, 1911, the consideration being $25 in cash and the balance payable when the title to the land was perfected. On April 25, 1911, Fields, for the consideration of $150, $50 of which is recited to have been paid in cash, assigned and transferred the title-bond to E. D. Stephenson. Stephenson asked the right to prosecute the suit in his name, to final judgment. The allegations of the petition and amended petition of Zebedee Stewart were denied by answer, which further alleged that after the deed from Zebedee to Thomas Stewart had been recorded, Stephenson employed Fields to go to plaintiff and procure for him the title-bond of April 21, 1911; and it further alleged that the title-bond was obtained by fraud. The allegations of the petition of Stephenson to be made a party were also denied, and defendant, Tom Stewart, further pleaded that the suit was instituted and was being prosecuted without the knowledge and consent of Zebedee Stewart.

About the time of the institution of the suit by Zebedee Stewart against Thomas Stewart, he filed another suit in the Pike Circuit Court against K. B. Elswick for a partition of the land, alleging that he was the owner of an undivided one-eighth interest therein, while Elswick was the owner of the other seven-eighths. Plaintiff also set up a claim of $4,000 for the use of his part of the land.

The two cases were thereafter consolidated and heard together. On final hearing the court held the agreed judgment to be valid and entered an order dismissing the petition of Zebedee Stewart and the petition of E. D. Stephenson, and adjudged K. B. Elswick to be the owner of the land. From that judgment this appeal is prosecuted.

The record discloses the following facts: The deed from Zebedee Stewart and wife to Thomas was executed on April 18, 1911, and recorded on April 20, 1911. The title-bond from Zebedee Stewart to William Fields was executed on April 21, 1911. The suit was instituted on April 22, 1911. The title-bond from Zebedee Stewart to Fields was assigned to Stephenson on April 25, 1911. On May 5, 1911, Zebedee Stewart and wife and Thomas Stewart deeded the land in controversy to K. B. Elswick. This deed was lodged for record on May 6, 1911. On the same day Zebedee Stewart assigned to one J. E. Ratliff all his interest in the title-bond which he had ex-

ecuted to William Fields on April 21st. The agreed judgment dismissing the action was signed by Zebedee Stewart on May 9, 1911, in the presence of four witnesses.

The evidence is very brief. It appears that Thomas Stewart went to Zebedee, and telling him that he had a share in the land, procured him to execute the deed of April 18, 1911. No money was paid to Zebedee at the time, but Tom Stewart told him he would pay him as soon as he sold the land. Zebedee testifies that he did not authorize the bringing of the suit and did not know the suit had been brought. When he made the title-bond to Fields he received $25 in cash, which he subsequently returned. He was paid the consideration of $625 when he, together with Thomas Stewart, executed the deed to Elswick. He was willing for this transaction to stand. It further appears that the notary who took Zebedee Stewart's acknowledgement to the title-bond to Fields, told Fields of the fact that Zebedee had conveyed the land to Tom Stewart. The notary also testifies that the $25 cash payment was paid by the check of Stephenson. Furthermore, the deed of April 18, 1911, was on record when the title-bond to Fields was executed.

It will be seen from the foregoing evidence that Stephenson was in no sense a bona fide purchaser. His representative, Fields, not only knew of the deed to Tom Stewart, but that deed was actually on record at the time of the purchase of the land by Fields. Zebedee says the suit was unauthorized, and there is no evidence to the contrary. No creditors are involved. The question is, may an attorney, with knowledge of the fact that a party has parted with his title to property, purchase the property and maintain an action in his grantor's name, in opposition to the latter's wishes, to have the deed from his grantor set aside on the ground of fraud. A conveyance induced by false and fraudulent representations is not void, but only voidable. As a general rule it is only voidable on the motion of the party defrauded. The right to set aside a deed on the ground that it was obtained by fraud is usually personal to the grantor. When Stephenson purchased from Zebedee Stewart he purchased with knowledge of the fact that Zebedee had no title. There was left in Zebedee only a right of action against Thomas Stewart to have the deed set aside. That right of action was one which Zebedee Stewart could assert or not as he saw fit. It was not the subject of assignment. As a matter of fact, the property was conveyed

to Stephenson's representative before suit was brought. The fact that Stephenson purchased the property and thereafter, without authority, instituted an action in the name of Zebedee Stewart to have the deed to Tom Stewart set aside, conferred on Stephenson no right thereafter to prosecute the action in the face of Zebedee Stewart's election to ratify the deed. Jones v. Hill, 9 Bush, 692; Crocker v. Bellangee, 6 Wis., 645; Milwaukee & St. Paul Railroad Co. v. The Milwaukee & Minnesota Railroad Co., 20 Wis., 174. Section 20 of the Civil Code, giving to the person to whom the transfer or assignment is made the right to be substituted in the action if the right of the plaintiff be transferred or assigned during the pendency of the action, does not apply to a case where the assignment is made prior to the institution of the action and the action itself is unauthorized by the assignor. It is also limited to those cases where the right of action itself is a proper subject of assignment.

Judgment affirmed.