## Allen's Administrator v. Pacific Mutual Life Insurance Company.

(Decided November 9, 1915.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Insurance—Insurable Interest.—Where a person makes himself a contract of insurance and pays the premiums, he may designate as the beneficiary in the policy a person who has no insurable interest in his life.

C. B. SHIMER, GEO. E. PHILLIPS and A. C. HALL for appellant.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On January 26, 1912, the appellee insurance company issued to Leon Allen, upon his request and application, a policy of accident insurance in which it agreed to pay "to the insured or his beneficiary, Mrs. Clara Allen, his

wife, or in the event of her prior death, to the executors, administrators or assigns of the insured," the principal sum of one thousand dollars in the event the insured came to his death by accidental causes.

This suit was brought by the administrator of Allen to recover the sum of one thousand dollars on the ground that he had come to his death from accidental causes within the meaning of the policy. The petition further averred that "said Clara Allen designated in said policy of insurance as the wife of said insured and as the beneficiary of said policy, was not and is not the wife of said Leon Allen, and was not related to him by blood or marriage, and was not a creditor of said insured, nor was she the affianced wife of said insured." It was further averred that all the premiums due on the policy had been paid by Leon Allen in the manner and at the times required by the policy contract, and that the company had not paid to Clara Allen any part of the sum stipulated in the contract.

The lower court sustained a general demurrer to the petition, and the administrator appeals.

The administrator is endeavoring to collect the money due under the contract upon the theory that Clara Allen had no insurable interest in the life of the insured, and as the contract could not be enforced for her benefit the estate of the insured was entitled to the insurance. But if, as averred in the petition, the contract was procured by and all the premiums due on the policy were paid by the insured, he had the right to designate Clara Allen as the beneficiary, and she was entitled, upon his death, to recover the amount due under the policy, although she had no insurable interest in his life. This question has been settled by this court in Hess v. Segenfelter, 127 Ky., 348 14 L. R. A. (N. S.), 1172, 128 Am. St. Rep., 343; Rupp v. Western Life Indemnity Co., 138 Ky., 18, 29 L. R. A. (N. S.), 675.

As the beneficiary named in the policy is entitled to the insurance, it necessarily follows that the administrator cannot recover it for the estate, and therefore the judgment dismissing his suit is affirmed.