## PENN MUT. LIFE INS. CO. v. SLADE et al.

### No. 245.

District Court, E. D. Kentucky, Lexington.

Oct. 7, 1942.

James Park, of Lexington, Ky., for plaintiff.

J. Thaxter Sims, of Cynthiana, Ky., for defendant Mrs. Della Slade.

John J. Winn, of Mt. Sterling, Ky., for administrator of estate of Charles H. Smaters, deceased.

Robt. H. Winn, of Mt. Sterling, Ky., for defendant Mrs. Lucille Owen.

FORD, District Judge.

By a bill of interpleader, the Penn Mutual Life Insurance Company invoked the aid of the Court to require the defendants, who are adverse claimants to a fund in its possession in which it claims no interest, to interplead their respective claims in this action to the end that the plaintiff might obtain the relief usually accorded a disinterested stakeholder in such proceedings. Facts requisite to Federal jurisdiction under the Interpleader Act of January 20, 1936, 28 U.S.C.A. § 41(26), are appropriately alleged. The fund in controversy has been paid into the Registry of the Court. Each of the defendants has filed answer and cross bill asserting claim to the fund in its entirety and each of them has filed a motion to dismiss the pleadings of the others, upon the ground of failure to state a claim upon which relief can be granted. The case is submitted upon these motions.

The facts out of which the controversy arises are not in dispute. On September 12, 1932, Charles H. Smathers procured from the plaintiff a policy of insurance upon his life in the sum of $2,500 in which his wife, Lucille L. Smathers, was designated as the beneficiary, if she survived him, otherwise his executors or administrators. Mrs. Smathers is the defendant "Lucille Owen", she having remarried since the death of the insured. Under the provisions of the policy the right to change the beneficiary was expressly reserved to

the insured, to be effectuated by filing written notice thereof at the home office of the plaintiff. In April, 1941, the insured exercised this reserved right by filing with the home office of the company a writing by which he changed the beneficiary and in the place of his wife designated the defendant "Della Slade, my friend, if she be living, otherwise to my executors, administrators or assigns."

The insured died a citizen of Montgomery County, Kentucky, on October 9, 1941, while the policy was in force and without having made any other change in respect to the beneficiary. The defendant John J. Winn is the duly appointed and qualified administrator of his estate.

The defendant Della Slade asserts claim to the fund deposited by the plaintiff in the Registry, representing the net amount due under the policy, solely by virtue of her right as the designated beneficiary thereof. She does not claim that she had any insurable interest in the life of the insured. Both the widow, Mrs. Owen, and the administrator challenge the right of Mrs. Slade to receive the proceeds of the policy on the ground that, being without an insurable interest in the life of the insured, she is not legally eligible to be the beneficiary of his life insurance.

■ The rights of the parties are controlled by the law of Kentucky. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1187; Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290.

■ ■ The general rule that a person cannot lawfully procure insurance for his own benefit upon the life of another in whose life he has no insurable interest is too well established in the law of Kentucky to be open to question. Equally well established is the rule that one may not insure his own life for the benefit of another who has no insurable interest therein if the beneficiary assumes payment of the premiums or otherwise participates in or induces the transaction. Such insurance contracts are regarded as in the nature of wagering or gambling transactions and are universally condemned as being in contravention of public policy.

The problem presented in this case, however, is not brought by the pleadings within the scope of either of these rules, for it is not alleged that any one other than the insured assumed or paid any of the premiums or that Mrs. Slade induced or otherwise participated in bringing about her substitution as the beneficiary or had any knowledge of the transaction whatever. No facts or circumstances are alleged showing collusion or bad faith or that the change of beneficiary made by the insured was intended or designed to evade or violate the law against wagering or speculative insurance.

■ Upon grounds adequately fortified by cogent reasoning and in harmony with the weight of general authority, it has been repeatedly held by the Court of Appeals of Kentucky that, under the fundamental doctrine that a person who is compos mentis has the lawful right to dispose of his own property in his own way, it is permissible, under the law, for a person to take out insurance upon his own life and designate whom he pleases as the beneficiary, regardless of the question of insurable interest. Where such a transaction is entirely voluntary and in good faith, free from inducing participation on the part of the beneficiary and with no intention to violate the rule against wagering or gambling insurance contracts, it transgresses no rule of public policy. Hess' Adm'r v. Segenfelter, 127 Ky. 348, 105 S.W. 476, 14 L.R.A.,N.S., 1172, 128 Am.St.Rep. 343; Rupp v. Western Life Indemnity Co., 138 Ky. 18, 127 S.W. 490, 29 L.R.A.,N.S., 675; Allen's Adm'r v. Pacific Mutual Life Ins. Co., 166 Ky. 605, 179 S.W. 581; Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S.W.2d 922; Liberty Life Ins. Co. v. Strauss, 234 Ky. 608, 28 S.W.2d 955; Inter-Southern Life Ins. Co. v. Stephenson, 246 Ky. 694, 702, 56 S.W.2d 332; Yett's Adm'r v. Yett, 261 Ky. 737, 88 S.W.2d 962.

■ ■ It is insisted that the cases of New York Life Insurance Co. v. Brown's Adm'r, 139 Ky. 711, 66 S.W. 613; Caudell v. Woodward, 96 Ky. 646, 29 S.W. 614; Metropolitan Life Ins. Co. v. Nelson, 170 Ky. 674, 186 S.W. 520, L.R.A.1916F, 457, Ann.Cas.1918B, 1182; Cooper's Adm'r v. Lebus' Adm'rs, 262 Ky. 245, 90 S.W.2d 33; and Newton v. Hicks' Adm'r, 282 Ky. 226, 138 S.W.2d 329, are in conflict with the decisions referred to and support a contrary rule. Careful examination of these opinions is convincing that neither of them evidences an intention or purpose on the part of the Court to abrogate or depart from the established rule on the point. Determination of the precise question was not necessary to the decisions actually

made in any of them. The appearance of judicial vacillation upon a question of law frequently disappears in the light of the familiar precept that general statements in Court opinions upon questions collateral to the decisive issue have no authoritative application beyond the case in which such expressions are used. Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 286, 295 S.W. 175, 53 A.L.R. 1328; Drury v. Franke, 247 Ky. 758, 783, 784, 57 S.W.2d 969, 88 A. L.R. 917; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 103, 57 S.Ct. 356, 81 L.Ed. 532. It cannot be assumed that the Court would overturn so impressive an array of long standing precedents or depart from a position so firmly established without expressing its intention so to do and the reasons therefor in plain and explicit terms. 14 Am.Jur., p. 345, § 129.

■ It is further contended that a change of the beneficiary in a life insurance policy subsequent to a designation made at its inception is tantamount to an assignment of it and hence the substitution of Mrs. Slade as beneficiary of the policy in place of the beneficiary originally named falls within the condemnation of the rule prevailing in Kentucky that the assignment of a life insurance policy to one without an insurable interest in the life of the insured violates the rule against speculative and wagering insurance announced in the cases of Smith v. Agnew, 137 Ky. 83, 122 S.W. 231; Schlamp v. Berner's Adm'r, 51 S.W. 312, 21 Ky.Law Rep. 324; Basye v. Adams, 81 Ky. 368; Bramblett v. Hargis' Ex'x, 123 Ky. 141, 94 S.W. 20; Milliken v. Haner, 184 Ky. 694, 212 S.W. 605.

The classification of a gratuitous assignment of an insurance contract as a speculative or wagering transaction obviously rests upon the fact that an assignment is the result of a contract to which the assignee is a party. No reason is suggested to justify the application of the same rule to the substitution of a beneficiary who is not a party to the transaction.

In Mutual Benefit Life Insurance Company v. Swett, 6 Cir., 222 F. 200, 205, Ann. Cas.1917B, 298, the clear distinction between such transactions is pointed out thus: " * * * the assignment of a policy and a change of beneficiary are not the same, but different, things. An assignment is the transfer by one of his right or interest in property to another. It rests upon contract, * * *. The power to change the beneficiary is the power to appoint. The power of appointment must be exercised in the manner agreed upon in the contract of insurance."

It seems clear that the law governing cases of assignment of insurance policies has no application to the present problem.

■ That the right to change the beneficiary does not differ from the right of designation in the first instance, is made clear in Farley v. First National Bank, 250 Ky. 150, 154, 61 S.W.2d 1059, 1061, in which the Court said:

"Where the right to change the beneficiary is reserved by the insured, this right is a part of the contract from its inception, and may be exercised by the insured at any time before his death, for not until then does the right of the named beneficiary become vested. It is a part of the contract from the time it is made, and when it has no value, that the insured may, without let or hindrance, change the beneficiary, and whether the beneficiary is his personal representative, a member of his family, or other person does not alter the character of the contract or limit his power to exercise the right reserved. The right of the insured to make the change is absolute unless equities have intervened, which is not the case here, and the beneficiary cannot prevent it by objecting. The insured may permit the policy to lapse, and no one can complain. It is an essential part of the contract that he retains control of the policy, at least, to the extent of changing the beneficiary. Whether the change shall be made is wholly under his control and the manner of making it is entirely a matter between him and the insurer."

The claim of the administrator, however, is not limited to the provision of the policy designating him as an alternate beneficiary. He alleges that at the time of the change of beneficiary the insured was insolvent and owed debts to the extent of at least $1,200. The relief thus claimed is that to which creditors of an insolvent debtor may be entitled under the provisions of section 1907 of the Kentucky Statutes, which provides:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to

creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

A later Act of the Kentucky Legislature (Kentucky Statutes section 655) provides as follows:

"When a policy of insurance is effected by any person on his own life or on another life in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same: Provided, That, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, the company shall have written notice by, or in behalf of, some creditor, with specification of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors."

The administrator does not allege facts sufficient to entitle him to recover premiums paid in fraud of creditors under this last mentioned statute. See Williams v. Harth, 156 Ky. 702, 161 S.W. 1102. Assuming, however, that the protection afforded beneficiaries of insurance policies by section 655 is limited to beneficiaries "having an insurable interest" and that section 1907 (and not section 655) is applicable to the transaction here involved, it appears that this statute confers no rights and provides no remedies which are enforceable by the personal representative of the deceased wrongdoer. While the rule is not without exception, the weight of general authority seems to be that, in the absence of statutory authorization, the personal representative of an insolvent debtor may not sue to set aside a voluntary transfer made by his decedent, for the reason that the transfer is good as against the transferer and the administrator is his representative. 24 Am.Jur. p. 290, § 151. We are aware of no statutory authority in Kentucky authorizing the personal representative of an insolvent debtor to maintain such an action. The law of Kentucky seems to be in harmony with the general rule that "none but creditors can set aside a voluntary conveyance." Williams' Adm'r v. Vonderhaar's Ex'x, 262 Ky. 68, 77, 89 S.W.2d 321; Jones v. Hill, 72 Ky. 692, 9 Bush 692, 695.

On behalf of the widow of the insured, it is argued that since it is the policy of our laws to encourage morality and preserve the sanctity and security of the marriage relation, to sustain the claim of the defendant Della Slade, under the circumstances here disclosed would be in manifest contravention of this worthy and salutary public policy and destructive to the established welfare of society. It is quite significant, however, that neither the widow of the insured nor his administrator directly charges against the defendant Della Slade the least wrongdoing or even impropriety in connection with the transaction here involved. Imputations of immorality rest upon allegations so attenuated as to preclude a judicial finding of fact upon the question. It is a trite observation that suspicion born of the mere appearance of wrongful conduct might turn out to be entirely unfounded upon disclosure of all the facts. Authorities are lacking to support or sanction the denial of the claim of the defendant Della Slade, the designated beneficiary of the policy in question, upon allegations so tenuous as those set out in the pleadings of the widow and the administrator of the insured.

For the reasons indicated, the motions to dismiss the answers and cross bills filed by the defendants Mrs. Lucille Owen and John J. Winn, administrator of the estate of Charles H. Smathers, deceased, must be sustained, and the motion to dismiss the claim of the defendant Della Slade should be overruled.