## The Western & Southern Life Insurance Company v. Webster.

(Decided November 28, 1916.)

### Appeal from Campbell Circuit Court.

1. Insurance—Life Insurance—Wagering Contracts—Beneficiaries.— An insurance policy is a wagering contract and void when the beneficiary pays all the premiums unless the beneficiary has an insurable interest in the life of the insured.

2. Insurance—Husband or Wife Have Insurable Interest in Life of Each Other.—Where a man and woman live together as husband and wife, either has an insurable interest in the life of the other irrespective of whether there is a valid marriage.

3. Divorce—What Constitutes Final Judgment of.—A judgment annulling a marriage upon the ground that the man had a living wife from whom he had not been divorced is a final judgment of divorce from the bonds of matrimony as contemplated in section 425 of the Civil Code and section 2121, Kentucky Statutes, and restores to both parties all property received from the other during and by reason of the marriage.

4. Insurance—Payment of Premiums by Divorced Wife.—Recovery.—A formal but not legal wife who is the beneficiary, having paid the premiums upon an insurance policy after her insurable interest in the life of the insured is terminated by divorce and until the policy matures by death of the insured, can recover only the amount of premiums paid by her with interest.

A. M. CALDWELL for appellant.

JUDSON A. SHUEY and L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee filed this action seeking to recover of appellant the sum of $1,000.00, the amount of a policy issued by appellant upon the life of James P. Weesner on the 29th day of June, 1907, in which she was designated as

the beneficiary, alleging that she was married to Weesner on the 14th day of February, 1906, and that he had died on or before the 22nd day of March, 1915. She further alleged that the policy was issued and delivered to her and Weesner, but that she had paid all the premiums that were paid upon it, and that she had been divorced from insured by judgment of the Campbell circuit court on the 7th day of January, 1909; that the company had refused to accept the offered proof of Weesner's death, or to pay her the amount of the policy. A demurrer was filed to the petition and overruled.

Appellant answered in three paragraphs. In the first paragraph it denied that Weesner was dead; in the second it denied that appellee was the legal wife of the insured or that she had any insurable interest in his life, and tendered and paid into court the sum of $287.75, alleged to be the total amount of premiums, with interest and costs then accrued, paid by appellee, which it asked that appellee be required to accept in full settlement of all demands. In the third paragraph appellant alleged that if appellee ever had any interest, insurable or otherwise, in the policy of insurance sued on, or in the life of James P. Weesner, such rights were terminated by the judgment of divorce.

A demurrer was sustained to the second and third paragraphs of the answer, and appellee declined to accept the amount tendered and paid into court in full satisfaction of her claim. At the conclusion of the evidence, both appellee and appellant entered a motion for a peremptory instruction. The motion of appellant was overruled, to which it excepted, while the motion of appellee was sustained, to which appellant objected and excepted, and the jury pursuant to the instructions of the court returned a verdict in favor of appellee for the full amount of the policy, upon which judgment was entered, and from which judgment this appeal is prosecuted.

Numerous errors are relied upon by appellant for reversal, but as the questions involved depend upon the validity of the contract, it will only be necessary to construe the contract, in the light of the facts of record.

Since appellee alleged in her petition that "the said contract of insurance was entered into by and between the said James P. Weesner, plaintiff and defendant therein," but that she had paid all the premiums paid to appellant upon the policy, it was necessary to the validity of the

contract that she should have, at the time the contract was made, an insurable interest in the life of Weesner; otherwise it would have been a wagering contract and against public policy. Western & Southern Life Ins. Co. v. Grimes' Admr., 138 Ky. 338, and Rupp v. Western Life Indemnity Co., 138 Ky. 18. That appellee and Weesner were not legally married is admitted, and appellant contends that appellee therefore did not have an insurable interest in his life. In Joyce on Insurance, Section 1055, it is said: "Although it is held that by the term wife is meant a lawful wife, yet a woman has an insurable interest in the life of a man with whom for years she has been living as his wife," and in 25 Cyc. 705: "Where a man and woman live together as husband and wife either has an insurable interest in the life of the other irrespective of whether there in a valid marriage." See also Scott's Admr. v. Scott, 77 S. W. 1122.

It is true that in all of the cases so holding which we have examined, the policy was procured by the insured and the premiums paid by him, but insurable interest is not dependent upon who pays the premiums, but solely upon the relationship the parties bear toward each other. As said in Warnock v. Davis, 104 U. S. 775:

"It is not easy to define, with precision, what will in all cases constitute an insurable interest so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest, arising from the relations of the party obtaining the insurance, either as creditor of or security for the insured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life."

As the policy was issued upon the life of Weesner while he and appellee were living together as husband and wife pursuant to a formal but illegal marriage, and they were recognized as such by friends and acquaintances, we conclude appellee had, when the policy was issued, an insurable interest in the life of Weesner, such as permitted her to pay the premiums thereon, and that the contract was not therefore void.

But one other question with reference to the policy remains and that is, did the judgment annulling the marriage of appellee and the insured upon the ground that it was void *ab initio* because Weesner had a living wife from whom he had been divorced, terminate her interest

in the contract? Appellants contend that it does and that she is only entitled to recover the amount she has paid to it as premiums, with interest, which amount it tendered in full settlement of the claim. In support of this contention appellant cites Schauberger v. Morel's Admr., 168 Ky. 368, and Sea's Admr. v. Conrad, 155 Ky. 51, in the former of which cases this court said:

"It is now a settled rule of law in this jurisdiction that, if a husband procures a life insurance policy on himself, naming his wife as beneficiary, but with the right reserved to himself to change the beneficiary, and the parties are thereafter divorced by a judgment of a court of competent jurisdiction, the wife is thereby divested of all interest in the policy of insurance, and cannot at the death of the husband claim the proceeds. In other words, the wife's interest in the policy on the husband's life is divested by the judgment of divorce, and this is true, though the premiums thereon may have been paid by his wife, but in the latter case she will be entitled to be reimbursed out of the proceeds of the policy the amount of the premiums paid by her thereon. The judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other during marriage in consideration or by reason thereof, and this is true whether the return of the property is ordered by the judgment of divorce or in a subsequent proceeding. If the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question thereafter arising as to what property shall be restored by either party to the other may be settled by subsequent proceedings."

Counsel for appellee contends that the above rule applies only where there has been a divorce from a legal marriage and has no application where the judgment annuls a void marriage; that the above rule is dependent upon Section 425 of the Civil Code and Section 2121 of the Kentucky Statutes; that neither of these statutory provisions has reference to any divorce except from the bonds of matrimony such as exist under a legal marriage, but which never existed between appellee and the insured.

Appellee cites from the latter part of Section 2121 of the Statutes the following:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property,

not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof," in support of his argument that it is only a "judgment of divorce from the bond of matrimony" that restores property acquired by reason of the marriage.

The argument is ingenuous, and, if sound, leaves a psuedo wife in a very much better position with reference to property acquired by her from the illegal husband during and by reason of an illegal marriage relationship when same is declared a nullity than a legal wife is left with reference to property acquired by her from her husband during and by reason of a legal marriage when same is dissolved. This anomalous condition can receive judicial sanction only if it necessarily results from statutory enactment, and we do not believe that any such necessity exists here. The quotation by counsel for appellee from Section 2121, *supra,* when taken by itself would seem to indicate that restoration of property might apply alone to a final judgment of divorce from the bonds of matrimony, but when you read the entire section of the statutes, it is apparent that the only purpose of the legislature in restricting the language to a final judgment of divorce from the bonds of matrimony was to distinguish such a divorce from a judgment of divorce from bed and board, following which there is no restitution of property. The entire section deals with property rights of husband and wife, and it is clear that the legislature intended by its enactment that an absolute divorce as distinguished from a separation from bed and board should carry with it a restoration of property acquired by one spouse from the other during and by reason of the marriage relationship, and that this section was meant to apply to all absolute divorces, and applies with equal force to a judgment annulling a marriage that was void *ab initio.* But even if this were not true, for another reason appellee could not under the facts here be permitted to recover more than the amount that she had paid to the company with interest. Although she had an insurable interest such as authorized her to pay the premiums so long as she and the insured lived together as husband and wife, without contravening public policy against wagering contracts, when that relationship ceased she no longer had any interest in his life and could not then pay premiums to keep alive upon his life

without engaging in a wagering contract. There can be no doubt that after her marriage to the insured was annulled she had no insurable interest in his life, since her insurable interest was based upon a mere cohabitation which could not survive the existence of the relationship. This case is in no wise analogous to cases where one of the two dies while the relationship exists, and the survivor is permitted to collect the policy. The policy here not only did not mature while the conditions creating an insurable interest existed, but in order to mature the policy it was necessary for appellee to pay the premiums for more than five years upon a policy insuring a life in which she had no insurable interest. In Sea's Admr. v. Conrad and Schauberger v. Morel's Admr., *supra*, it was held that a life insurance policy containing a change of beneficiary clause was the property of the insured even if the premiums were paid by the beneficiary. The policy here then, since it contains such a clause, was the property of Weesner, and appellee had no interest in same except as beneficiary subject to his right of change, and consequently no right to keep it alive by payment of the premiums in the absence of an insurable interest in the life of the assured. For her so to do, even with the consent of appellant, would be engaging in the maintenance of a wagering contract which is against public policy. Western & Southern Life Ins. Co. v. Grimes' Admr., *supra*. The only interest appellee had in the policy after the termination of her insurable interest in the life of the insured was the amount of the premiums that she had paid upon the policy.

It therefore results the court erred in sustaining a demurrer to that portion of appellant's answer confessing liability for the premiums paid by appellee and tendering the amount of same with interest.

Wherefore the judgment is reversed for proceedings consistent herewith.