## Cline v. Williams.

(Decided June 23, 1922.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Final Order—Issue Out of Chancery.—The ruling of a court in peremptorily instructing the jury on an issue out of chancery in an equitable action, is not a final order under section 368 of the Civil Code, and cannot be reviewed on appeal except as it relates to the final judgment rendered.

2. Appeal and Error—Finding of Fact in Equitable Action.—The findings of fact by a trial court in an equitable action will not be reviewed on appeal, even though preliminary errors are found in the record, unless all the evidence relating to the issues of fact be embraced in the record on appeal; and the complaining party must file a complete record of the evidence, otherwise it will be presumed that the omitted parts support the findings of the lower court.

PISKLESIMER & STEELE and J. S. KLINE for appellant.

P. B. STRATTON and WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This litigation grows out of a controversy over some land in Pike county. In 1916 appellant, J. S. Cline, filed a petition in equity, in the Pike circuit court, to enjoin appellee, James T. Williams, from cutting trees and otherwise trespassing on a described tract of land. The appellee filed answer, denying the trespass alleged, and claiming to own a tract of land within the boundary of that described in the petition. Issue was joined in the pleadings as to the ownership of the land on which it was claimed appellee was trespassing.

On motion of appellant issues out of chancery, as to the location of the lines of various surveys under which the parties claimed, were ordered, and on the hearing in 1918 the jury, under a peremptory instruction of the court, found for the plaintiff as to a part of the land marked and designated on a plat of the survey introduced in evidence, and in favor of defendant for the remainder of the land in dispute, also marked and defined on the plat.

At the May term, 1920, the chancellor dissolved the restraining order granted by the clerk, and quieted the title of the plaintiff to a portion of the land designated on the map filed in evidence, and also adjudged to de-

fendant title to a part of the land in dispute, described by metes and bounds in the judgment. Cline is complaining of the judgment and assigns several reasons, elaborately argued, for its reversal.

The issues out of chancery were tried on oral evidence, and a transcript of that evidence is filed with the record as a bill of exceptions, having been examined, approved and attested as such by the judge of the Pike circuit court. It appears, however, from the judgment that there were depositions filed in the case and the court considered them in arriving at its conclusions incorporated into the judgment. The main contention on this appeal, and the only one to which we will advert, is that the trial court erred in peremptorily instructing the jury on the issues out of chancery to find for defendant as to a part of the land in dispute. It is said that this was error, since there was evidence tending to show that appellant held title to the land.

The ruling complained of is not a final order within the meaning of section 368 of the Civil Code; and it can not be reviewed on this appeal except as it relates to the judgment rendered at the May term, 1920. Moreover, in considering the validity of that judgment, with respect to the facts determined therein, we must examine all the evidence that was before the trial court when the judgment was rendered. And this we are unable to do, for it appears, as we have said, that the court considered several depositions that are not in the record here. Even if it be admitted that the trial court erred in peremptorily instructing the jury on the issues out of chancery, it does not follow that the judgment rendered was improper under all the evidence. This is true if it be conceded that the issues were exclusively legal, for the verdict of the jury in that case could be given no greater force than verdicts in ordinary jury trials are given. And for aught that appears here, the evidence taken by depositions and considered by the trial court established indubitably the rights adjudged. This court has often held that it will not decide questions of fact on appeal unless all the evidence relating to them is embraced in the record; and, further, that the complaining party must file a complete record of the evidence, otherwise it will be presumed that the portions omitted support the findings of the lower court. Dupoyster, &c. v. Ft. Jefferson Imp. Co.'s Receiver, 121 Ky. 518; Shannon v. Stratton & Terstegge, 144 Ky. 26; Graves' Committee, et al. v.

Lyons, 166 Ky. 446. The record, as made up in this court, does not afford us an opportunity to review the findings of fact by the lower court, and, although that court may have erred in its preliminary rulings, it would, nevertheless, be an unjustifiable procedure to reverse its final judgment on that ground, when in fact it is not ascertainable from the record whether the judgment on all the evidence is or is not proper.

The judgment is affirmed.