# Liberty Life Insurance Company v. Strauss.

(Decided June 3, 1930.)

W. A. BERRY for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

It is alleged in the petition of the appellee, Mattie O. Strauss, that on January 20, 1928, upon application of Eloise Browne, deceased, and for certain considerations, the appellant, Liberty Life Insurance Company, issued its policy of insurance in the sum of $500 on the life of Eloise Browne, with the plaintiff as beneficiary. The death of the insured is stated to have occurred on November 6, 1928, and it is averred that the company had refused payment under the policy, and a judgment against it was accordingly asked. The petition stated that the policy was filed with it as an exhibit and part thereof, but neither the policy nor a copy is in the record before us.

The answer, as amended, also stated that the application for the insurance was made by the deceased; and, further, that the plaintiff had paid or there was paid for her the balance of the first semiannual premium upon delivery of the policy, and the deceased had paid, or there was paid for her, the next semiannual premium on September 22, 1928. It was alleged that the beneficiary had no insurable interest in the life of Eloise Browne, and further pleaded that the deceased in her application in several specific instances had fraudulently and falsely answered material questions, upon the truth of which answers and representations the company had relied in issuing the policy.

Demurrer was sustained to the answer as amended, and, no further pleading being filed by the defendant, the prayer of the petition was sustained, and from the judgment the appeal is prosecuted.

■ The argument that no recovery should have been allowed under the policy because of lack of insurable interest on the part of the beneficiary cannot be sustained, for the defendant's pleading manifests the fact that the insured secured the policy on her own life for the benefit of plaintiff. We have had occasion to treat this subject in the recent case of Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922, and, upon the authority of several domestic cases, showed that in such a state of case the beneficiary need not have an insurable interest.

■ It is stated in the amended answer that the application containing the false representations was filed as an exhibit, but neither the original nor a copy has been included in the record brought to this court. It is provided by sections 656 and 679 of the Statutes that, if the application be referred to in the policy, it shall not be considered as a part of the contract between the parties nor be relied on, unless it or a copy of a specified kind be attached to the policy. It is nowhere alleged that it was attached in this instance, nor do the averments of the pleading bring it within the class of policies where it is not required to be attached as described in Western & Southern Life Insurance Co. v. Weber, 183 Ky. 32, 209 S. W. 716. We have neither exhibit before us, and it is an elementary rule that an exhibit tests the sufficiency of a pleading, and, where there is a contradiction, the terms of the exhibit prevail. According to the record the trial court had this exhibit before him, and it may be that its

contents were such as to subtract from or entirely over-
come the averment. It is a positive and necessary rule
that this court will presume the judgment appealed from
to be proper, unless there is something in the record
brought here showing the contrary. We must assume the
omitted portions of the record support the judgment.
Cline v. Williams, 196 Ky. 397, 244 S. W. 756; First State
Bank v. Richardson, 167 Ky. 771, 181 S. W. 611.

The judgment is affirmed.