## Yett's Administrator et al. v. Yett.
(Decided Dec. 17, 1935.)

738

J. B. SNYDER for appellants.

B. M. LEE and H. H. FUSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On July 1, 1933 George Yett, colored, procured a certificate of life insurance under a group policy covering employees of the United States Coal & Coke Company for $1,000, payable to "Amelia Yett, his wife." The policy was issued by the Missouri State Life Insurance Company, and later assumed by the General American Life Insurance Company. Yett died August 31, 1934, and the named beneficiary claimed the insurance. She sued the company and the employer, calling upon the latter to file the master policy. The decedent's administrator and his father intervened, each claiming the insurance on the ground that the named beneficiary was not the deceased's wife and had no insurable interest. The insurance company paid the proceeds into court, so the controversy was and is only between the contending claimants. On a directed verdict the judgment was for the named beneficiary, and the other parties are appealing. We need to consider only the pleadings and evidence which the appellants say prevent the appellee from recovering and may pass over their respective affirmative claims.

George and Amelia lived together as husband wife from 1931 until his death. She had previously married

Burrell Ford, and was not divorced until November, 1932. There was never any sort of marriage ceremony performed between her and Yett, but she assumed his name. He took out this insurance and had her designated in the manner stated without her request. She knew nothing about the insurance until he delivered the certificate to her for safekeeping. The premiums had been deducted from his wages.

Appellants' claims are rested in the pleadings upon the allegations that Amelia was not insured's wife and had no insurable interest; that the name "Amelia Yett" was fictitious as there was no such person in existence and that this constitutes failure of a named beneficiary, being equivalent to the death of one who had been named, with the resulting disposition provided by the certificate of insurance in such event.

On the appeal it is argued that a group insurance policy is not to be construed as one of an old line company, but rather as a fraternal or benevolent society or co-operative insurance association whose beneficiaries are restricted by statute. Section 681c-6, Kentucky Statutes. A paramour or common-law wife is not in that class. There is no pleading to this effect. Appellants rest their claims upon the fact that the certificate shows its issuance on a master policy whose terms are part of the contract issued and delivered to "Coal, Coke and Supply Companies Employees' Insurance Association." The certificate provides for its termination upon the cessation of employment by the United States Coal & Coke Company or eight other named companies, which are stated in the answer of that company to be affiliates. Appellants cite authorities to the effect that rules of employers relating to the insurance of employees under group policies are part of the contract. Siter v. Hall, 220 Ky. 43, 294 S. W. 767; Metropolitan Life Ins. Co. v. Brown's Adm'r, 222 Ky. 211, 300 S. W. 599; Couch's Cyc. of Insurance, sec. 164. They argue that the failure of the plaintiff to file the master policy created the presumption that it would show the insurance to be of the fraternal class, and also that it follows from her failure to introduce the rules of the company that they would show she could not have been designated as a beneficiary. Legal rights cannot rest upon presumptions so tenuous or argument so attenuate. The statutes pertaining to

fraternal societies are specific, and there is nothing in this record indicating that the group policy comes within that classification.

In the absence of pleading and proof to the contrary, this contract must be held to be of the same class as old line insurance. Indeed, the undenied allegations of the petition as to the character of the insurance corporations and their business show them to be such. It is true that "Concubinage is not encouraged by the courts," and in some states it has been held that a woman occupying this relation has no insurable interest; and also that when such a woman is designated as "wife" it constitutes, material, false statement amounting to an attempt to defraud and conveys no rights upon such person. Couch, sec. 371. But in the several cases cited by appellants, there were statutes limiting beneficiaries to certain classes which did not include one occupying the relation of concubine or common-law wife. There is no statute in this state except in relation to fraternal societies. There was no failure of the beneficiary in the instant case. Appellee's identity is certain. She was not a fictitious person merely because designated by the name by which she was generally known, although not her lawful name. Whatever might have been the effect as to misrepresentations of the relationship existing between the insured and the beneficiary, that is not a matter of concern to any one except the insurer, and it has raised no such question. Moreover, as stated in 32 A. L. R. 1481:

> "The word 'wife' in the description of the beneficiary of life insurance is generally regarded as descriptio personæ, and the fact that one who otherwise answers the description does not, or did not at the inception of the insurance, have the legal status of wife of the insured, does not prevent her from taking as beneficiary if it is otherwise clear that she is the person intended, assuming that she is eligible to designation as beneficiary and that the misdescription of her as 'wife' does not amount to a breach of warranty or misrepresentation avoiding the insurance."

It is a settled rule resting upon principles of public policy that one having no insurable interest in the life of a person cannot have such life insured and himself

named as the beneficiary or become the substituted beneficiary in a policy already issued. Metropolitan Life Ins. Co. v. Nelson, 170 Ky. 674, 186 S. W. 520, L. R. A. 1916F, 457, Ann. Cas. 1918B, 1182. But it is equally well settled in this jurisdiction that one may insure his own life and designate whom he pleases as beneficiary. Hess' Adm'r v. Segenfelter, 127 Ky. 348, 105 S. W. 476, 32 Ky. Law Rep. 225, 14 L. R. A. (N. S.) 1172, 128 Am. St. Rep. 343; Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922; Liberty Life Ins. Co. v. Strauss, 234 Ky. 608, 28 S. W. (2d) 955; Inter-Southern Life Ins. Co. v. Stephenson, 246 Ky. 694, 56 S. W. (2d) 332.

This case comes squarely within Allen's Adm'r v. Pacific Mutual Life Ins. Co., 166 Ky. 605, 179 S. W. 581, where Allen had procured insurance on his life and paid the premiums after having designated the beneficiary as "Mrs. Clara Allen, his wife." She was not his lawful wife, and her right to the proceeds of the policy was questioned just as it is here. She was held to be entitled to the benefits. The conclusion is in accord not only with our other cases, but with the authorities generally. 14 R. C. L. 1375; Scott's Adm'r v. Scott, 77 S. W. 1122, 25 Ky. Law Rep. 1356; Western & Southern Life Ins. Co. v. Webster, 172 Ky. 444, 189 S. W. 429, L. R. A. 1917B, 375, Ann. Cas. 1917C, 271; Metropolitan Life Ins. Co. v. Louisville Trust Co., 89 S. W. 268, 28 Ky. Law Rep. 426; Annotation, 32 A. L. R. 1481.

It therefore follows that the judgment is correct, and it is accordingly affirmed.