Iva Mildred Thomas PING, Appellant,

v.

Ann P. DENTON, Administratrix of Estate of James F. Ping, Deceased, et al., Appellees.

Supreme Court of Kentucky.

Feb. 21, 1978.

James A. Dressman, Jr., Covington, for appellant.

W. David Denton, Paducah, Gary L. Herfel, William B. O'Neal, Cincinnati, Ohio, for appellees.

STERNBERG, Justice.

This court is again called upon to determine whether a dissolution of marriage terminates the right of a divorcee to recover on a policy of insurance on the life of her former husband. This court has consistently held in the affirmative, beginning with *Sea v. Conrad,* 155 Ky. 51, 159 S.W. 622 (1913). We are asked to review the soundness of our position in light of certain fairly recent statutory changes. We find merit in appellant's argument.

On May 22, 1971, James Ping, then an employee of the Southern Railway System and while unmarried, designated the appellant as the beneficiary of a group insurance policy written on his life in The Travelers Insurance Company. On January 1, 1972, James and Iva were married, and on April 9, 1973, their marriage was dissolved. On August 16, 1973, James died intestate and his sister, the appellee Ann P. Denton, qualified as administratrix of his estate. Although James had the right to do so, the name of the beneficiary had not been changed. On October 16, 1973, pursuant to the demand of the designated beneficiary and without knowledge that anyone other than the appellant was making any demand or claim, the insurance carrier paid the proceeds of the insurance policy to Iva. On October 24, 1973, the estate of James made demand on The Travelers Insurance Company for payment of the proceeds of the policy. This payment was refused since it had already been paid to Iva, the named beneficiary in the policy.

The policy of insurance is what is known as a straight-life policy. The premiums on the policy were paid by James' employer as a fringe benefit. It accumulates no cash surrender value. In other words, its monetary value was at the time of the death of the insured, not at the time of the dissolution of the marriage.

The Kenton Circuit Court determined, among other things, which at this time are not necessary to be presented or decided, that,

"The interest of the wife as beneficiary is not necessarily terminated by divorce. The previous Kentucky cases held otherwise due to the restoration provisions of KRS 403.060 and 403.065, repealed June 16, 1972, and thus not applicable to this case.

KRS 403.190, which replaced KRS 403.-060 and 403.065, requires each spouse's property be assigned to him. It contains no mandate of restoration of property obtained from the other in consideration of the marriage. The group insurance policy was the property of the deceased at all times, before and after the divorce. The beneficiary did not acquire any property in the policy during the marriage or in consideration of marriage. The decedent had the right to change the policy beneficiary at any time, which he did not do after the divorce. * * *"

On appeal to the Court of Appeals of Kentucky, it reversed the holding of the trial judge. In doing so, it said that the dissolution of marriage divested Iva of any interest she enjoyed as beneficiary of the

life insurance policy of her former husband James. In arriving at this conclusion, it reasoned that KRS 403.190 and 392.090 together dictate such action.

■ A policy of insurance is nothing more nor less than a contract wherein an insurance company, for valuable consideration, agrees to pay a sum of money on a specified contingency to a designated person called a beneficiary.

In *Sea v. Conrad,* supra, this court held that an absolute divorce extinguished the right of a divorcee to take as a beneficiary under an insurance policy on the life of her deceased former husband. In so holding, we reasoned that the restoration statutes KRS 403.060 and 403.065, formerly known as Section 425 of Carroll's Civil Code and Section 2121 of Carroll's Kentucky Statutes, mandated the restoration.

In *Bissell v. Gentry,* Ky., 403 S.W.2d 15 (1966), George and Gladys Bissell were granted an absolute divorce from the bonds of matrimony. Prior to their divorce George received from his employer a policy of life insurance on his life, in which Gladys was named the beneficiary. All of the premiums were paid by George's employer. George and Gladys were divorced and several years later George died without changing the name of the beneficiary of the policy. Both Gladys and the administrator of George's estate made demand for payment of the benefits due under the policy. The insurance company paid into court the amount due under the policy. The trial judge held, and we affirmed, that the restoration statute KRS 403.060, upon divorce of the parties, abrogated every right Gladys had in the policy even though she was the named beneficiary and there had been no change in the name of the beneficiary. We said:

> "The employment of Bissell was the only consideration for issuing this policy and paying the premiums necessary to keep it in force. The result is that it is as though Bissell individually procured and paid for the policy."

In the case at bar the parties occupied the same position to each other as in the *Bissell* case. To paraphrase *Bissell* is to say:

> "There is a statement that neither Ping nor his ex-wife paid any of the premiums on the policy in issue. It was a group policy furnished by Ping's employer as part of the terms of his employment. The employment of Ping was the only consideration for issuing this policy and paying the premiums necessary to keep it in force. The result is that it is as though Ping individually procured and paid for the policy."

The distinguishing factor between the two cases is that Bissell died in 1966 prior to the repeal of KRS 403.060 and 403.065, while Ping's death occurred subsequent to their repeal and to the enactment of KRS 403.-190. In view of the fact that this court followed a long established principle of law, we find no fault with the result reached in *Bissell.* As a matter of fact, this court, as late as 1975 in *Shellman v. Independence Life and Accident Insurance Company,* Ky., 523 S.W.2d 221, reasoned that KRS 403.060 required such disposition. In *Shellman* we were presented with the question of whether the rights as a beneficiary of a life insurance policy of his divorced spouse terminated upon their divorce. This is an over simplification of the facts, but is sufficient to demonstrate that we recognized that the restoration statutes KRS 403.060 and 403.-065 had been repealed and replaced by KRS 403.190.

KRS 403.060 and 403.065 were repealed and KRS 403.190 was enacted in the same bill at the regular 1972 session of the General Assembly. Although KRS 403.190 replaced KRS 403.060 and 403.065, it does not necessarily follow that it was intended to, nor does it have the same effect on the respective rights of the parties as did KRS 403.060 and 403.065.

The regular 1972 session of the General Assembly made major changes in our statutes dealing with family law. (Acts 1972, ch. 182.) These changes followed generally the pattern of the Uniform Marriage and Divorce Act and were generally referred to as the Kentucky no-fault divorce law. KRS 403.190 was taken from section 307 of the

Uniform Act. As a matter of fact, it is identical to and almost word for word with section 307 of the Uniform Act. The Kentucky *no-fault* divorce law caused much confusion in its application by reason of the many vital changes in the whole gamut of Kentucky family law. Many of these changes made by no-fault are yet being misunderstood and their propriety is being challenged. To illustrate, we need only refer to the 1977 Supplement by Professor Ralph S. Petrilli to his treatise of "Kentucky Family Law", which was originally published in 1969. In the 1977 Supplement Professor Petrilli says:

"24.7 - Restoration of property -Life insurance.

Under the now repealed restoration statute a wife's interest in a life insurance policy was held to be restorable to the husband. Under KRS 403.190(2) this interest would seem to be presumptively marital property, to be divided upon divorce. However, see Section 24.6 herein, that a wife's interest could be considered a gift and thus assignable to her."

KRS 403.190 provides as follows:

"Disposition of property—(1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. *  *"

■ This statute mandates the trial judge to assign each spouse's property to him. Like other issues of fact, the interests of James and Iva were proper for inquiry and adjudication. The decree of dissolution of marriage, including the assignment of property, like other civil judgments became final ten days after its decree. CR 59.02 and 59.04. Thus, unlike KRS 403.060 and 403.065, it does not leave open for subsequent inquiry the rights of either or both that have not been adjudicated upon the final determination of the controversy. The insurance policy, with Iva as the named beneficiary, existed at the time their marriage was dissolved and the decree entered. It also was the proper subject of inquiry and adjudication. Any interest that either James or Iva may have had in or to any property, estate or interest of the other, which remained undisposed of by the trial judge, is in the posture as if the court had so adjudged their respective interests.

■ In the case at bar there is nothing in the record to indicate that the terms or provisions of the decree of dissolution of marriage of James and Iva made any provision for the disposition of the policy of insurance or of any interest of the named beneficiary. James alone determined to make Iva the beneficiary at a time when they were not married. This he had a right to do. *Yett's Adm'r v. Yett,* 261 Ky. 737, 88 S.W.2d 962 (1935); 173 A.L.R. 716, note 4. James alone determined to retain Iva as the beneficiary during the period of their marriage. This he had a right to do. *Yett's Adm'r v. Yett,* supra. James alone determined not to take from Iva the interest of a beneficiary. This he had a right to do. *Yett's Adm'r v. Yett,* supra. James alone owned and controlled the policy and the right to change the beneficiary if he chose to do so. Not having changed the beneficiary at the time of his death, Iva was entitled to receive the proceeds from the policy of insurance.

The learned trial judge determined that Iva's interest in the insurance policy was not property and was therefore not subject to the ramifications of KRS 403.190. In the disposition that has been made of the issue in this case, we find it unnecessary to reach that question.

It is suggested that KRS 392.090(1), when considered with KRS 403.190, mandates divesting Iva of any interest she may have enjoyed as the named beneficiary. KRS 392.090 is not of recent origin, and our research fails to disclose where it has ever been applied to the subject issue. It had its taproot in what is referred to as the "Statute of Westminster, II," 1285 A.D. It found its way into our statutes as part of our laws dealing with descent and distribu-

tion long before the turn of the Nineteenth Century. For a thorough treatise of the origin and progression of this statute, see *Baldwin v. Cook*, 232 Ky. 365, 23 S.W.2d 601 (1930), where this court refused to apply it to a gift made by will. This statute is now found in the Kentucky Revised Statutes dealing with dower and curtesy. It has no application to the present issue.

So much of the opinion rendered June 24, 1977, by the Court of Appeals which affirms the judgment of the Kenton Circuit Court as to the liability of The Travelers Insurance Company is likewise affirmed by this court. So much of the said opinion as reverses the judgment of the Kenton Circuit Court and denies the appellant the right to recover the proceeds of the policy of life insurance on her former husband James Ping is vacated and set aside by this court and the judgment of the Kenton Circuit Court with respect thereto is affirmed.

All concur.