Cynthia HUGHES, Administratrix of Keith Baker Estate, Appellant,

v.

Edna SCHOLL and Massachusetts Mutual Life Insurance Company, Appellees.

94–SC–440–DG.

Supreme Court of Kentucky.

July 6, 1995.

John R. Elfers, Covington, Charles H. Schaffner, Erlanger, for appellant.

Jerry M. Miniard, Florence, for appellee, Scholl.

Ethna B. Cooper, Christopher M. Bechold, Cincinnati, OH, for appellee Mutual Life.

D. SCOTT FURKIN, Special Justice.

This appeal is from a final order of the Kenton Circuit Court which awarded the proceeds of certain life insurance and annuity policies to the appellee Edna Scholl. For nearly fourteen years, Edna was the wife of Keith Baker, who purchased the policies dur-

ing their marriage and named her and her son from a prior marriage as his primary and secondary beneficiaries.

At the time of their divorce, Edna and Keith executed a property settlement agreement, later incorporated into their decree, which did not specifically address the insurance policies, but merely contained a comprehensive "mutual release" clause. In the ensuing nine years, Keith never changed his beneficiary designations although he apparently made inquiries of the company about surrendering or converting the policies.

After Keith's death, Edna asserted a right to the policies' proceeds and was opposed by Keith's estate which argued that her status as beneficiary was revoked by the divorce. The trial court granted summary judgment to Edna and the Court of Appeals affirmed. We granted discretionary review to consider anew what effect, if any, divorce has on a former spouse's expectancy as a life insurance policy beneficiary.

Appellant points out that bequests of property made to a spouse in a will are automatically voided by divorce. Appellant also notes that divorce removes a former spouse as beneficiary of a state employee's retirement annuity unless the employee redesignates the former spouse after the divorce. However, both these rules arise from explicit statutes duly enacted by the Kentucky General Assembly (see KRS 394.092 and KRS 61.542, respectively). Although it is so empowered, our legislature has not seen fit to specify what effect divorce has on the designation of a former spouse as an insurance policy beneficiary.

Nevertheless, we are not without guidance on this issue. In *Ping v. Denton,* Ky., 562 S.W.2d 314 (1978), we held that divorce alone does not disturb a former spouse's status as an insurance policy beneficiary.[1] In *Ping,* as in this case, the divorce decree made no disposition of the wife's beneficiary expectancy. Acknowledging that *Ping* must be overruled if the estate is to prevail, appellant urges us to do just that. We decline for the reasons hereinafter expressed.

In *Ping* we observed that "(a) policy of insurance is nothing more nor less than a contract wherein an insurance company, for valuable consideration, agrees to pay a sum of money on a specified contingency to a designated person called a beneficiary." *Id.* at 316. Citing *Yett's Adm'r v. Yett,* 261 Ky. 737, 88 S.W.2d 962 (1935), we also noted that the insured has exclusive authority to designate whomever he chooses as beneficiary and to change his designation without limitation during his lifetime. Our holding in *Ping* simply places responsibility on the divorced insured to exercise his power under the insurance contract in order to effect a change of beneficiary.

Here, unlike the insured in *Ping* who died only four months after his divorce, Keith Baker had nine years during which to designate new beneficiaries. He failed to do so and we cannot say that his failure was unintentional. There is evidence in the record that Keith and Edna, though divorced, maintained at least some pecuniary ties. For example, they kept a safety deposit box together up until Keith's death and Edna named Keith as the chief beneficiary and executor of her estate in a will drawn more than two years after their divorce. In these circumstances, Keith's inaction might well indicate his intent not to effect a change.

Appellant concedes that there are often valid reasons why an insured would want a former spouse to receive his insurance policy proceeds. Insurance is a major modern estate planning device. We believe a rule that divorce automatically revokes an insured's choice of his former spouse as his insurance beneficiary unduly interferes with private contract rights and obligations. Moreover, such a rule is unnecessary since a divorced insured who wishes to remove his former spouse as beneficiary may do so with relative ease. On the other hand, insureds who do intend for their former spouses to receive

---

1. In *Ping v. Denton, supra,* we actually reversed a prior line of cases beginning with *Sea v. Conrad,* 155 Ky. 51, 159 S.W. 622 (1913), which held that a former spouse's status as an insurance policy beneficiary is extinguished by divorce. Those holdings were based on Kentucky's former "restoration statutes" (repealed by the time *Ping* was decided) which provided that upon divorce each spouse was restored to all property interests gained by the other during marriage.

their insurance proceeds would be forced to redesignate them as beneficiaries following divorce.

At oral argument, appellant urged us to rule that divorce gives rise to a rebuttable presumption favoring removal of a former spouse as an insurance policy beneficiary. Under this scheme, the burden would pass to the former spouse to prove that the insured in fact intended for his beneficiary designation to remain intact despite the divorce. We think this approach creates more problems than it solves, not the least of which is the difficulty of deciding who should receive the policy proceeds if the former spouse fails to overcome the presumption. In this case, for instance, appellee argues forcefully that Keith's estate does not stand to take the proceeds in any event; even if divorce did disqualify Edna, her son, as second beneficiary, would be next in line. Fortunately, in view of our reaffirmation of *Ping v. Denton, supra*, we need not decide appellee's challenge to the estate's standing as the real party in interest in this appeal.

In sum, we are not persuaded to abandon the rule of *Ping v. Denton, supra*. To begin with, the rule applies only in limited situations where neither the parties' property settlement agreement nor decree specifies that the former spouse is divested of her expectancy as beneficiary and the insured has not otherwise removed the former spouse as his beneficiary after the divorce. More importantly, we are unaware of any compelling and urgent reason to change the rule which has been the settled law of this Commonwealth for seventeen years. The doctrine of *stare decisis*, which directs us to adhere to our previous decisions unless there are sound legal reasons to the contrary, promotes stability in the law.

■ Unless and until the Kentucky General Assembly legislates a different result, we hold that the rights of an insurance policy beneficiary, including the right to receive the policy's proceeds upon the insured's death, are not affected by the mere fact of a divorce between the beneficiary and the insured.

We hasten to add that our holding in no way limits the power of divorcing parties to provide for termination of either spouse's beneficiary expectancy in a property settlement agreement.[2] Trial courts are likewise free in appropriate circumstances to include specific provisions in a divorce decree divesting one spouse's interests in the other's insurance policy proceeds. Finally, as noted above, a divorced insured ordinarily retains the right to remove his former spouse as beneficiary any time after the decree.

■ We have examined appellant's claim that Edna lacked an insurable interest in Keith's life and find it to be without merit. The question as to whether one has an insurable interest is properly raised only where someone other than the insured has procured an insurance policy on the life of another.

The decision of the Court of Appeals upholding the trial court's grant of summary judgment to appellee is affirmed.

LAMBERT, REYNOLDS, STUMBO, and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents with a separate dissenting opinion in which SPAIN, J., joins.

LEIBSON, J., not sitting.

STEPHENS, Chief Justice dissenting.

Respectfully I dissent.

I would reverse and adopt the approach urged by appellant where when an insured is divorced, there is a rebuttable presumption that his or her former spouse is to be removed as a beneficiary from the insurance policy. Since all legal ties are extinguished when legally divorced, a divorced insured should and would reasonably expect that his or her spouse would no longer remain as a beneficiary on his or her policy.

The majority opinion emphasizes that other legally binding documents where spouses have legal interests are immediately affected by a divorce, but argues that they are distin-

---

**2.** The divestiture language should be clear and unambiguous. A general waiver of any interest in the property of the other spouse is insufficient to destroy a beneficiary's right to receive insurance policy proceeds.

guishable. These situations include will bequests and state retirement annuities. I do not find persuasive the majority's argument that these are distinguishable from the case before us because they are statutorily enacted changes. The purpose behind these statutory enactments in the first place is precisely because it is reasonable for a person to expect that all interests would be void upon divorce.

By adopting the approach urged by appellant, both parties' interests are protected. First, because it is reasonable the owner of the policy would expect the designation to be void, his interests are protected. Second, if the divorced insured wishes to maintain the beneficiary status of his or her ex-spouse, he or she may do so by redesignating that person after the date of the divorce decree.

As a result of the foregoing, I would overrule *Ping v. Denton,* Ky., 562 S.W.2d 314 (1978).

SPAIN, J. joins this dissenting opinion.