RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0279-MR

ESTATE OF DONALD SPICER, BY
AND THROUGH KEITH SPICER,
EXECUTOR                                                          APPELLANT

APPEAL FROM CLARK CIRCUIT COURT
v.            HONORABLE COLE ADAMS MAIER, JUDGE
ACTION NO. 15-CI-00245

LYNN B. ROSE                                                     APPELLEE

AND

NO. 2022-CA-0375-MR

LYNN B. ROSE                                               CROSS-APPELLANT

CROSS-APPEAL FROM CLARK CIRCUIT COURT
v.            HONORABLE COLE ADAMS MAIER, JUDGE
ACTION NO. 15-CI-00245

ESTATE OF DONALD SPICER                                                    CROSS-APPELLEE

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  In this consolidated appeal, the Estate of Donald
Spicer, by and through Keith Spicer, Executor ("the Estate"), appeals from the
December 29, 2021 findings of fact, conclusions of law, and judgment of the Clark
Circuit Court disposing of assets following the death of Donald Spicer ("Mr.
Spicer").  The Estate argues that the circuit court improperly distributed life
insurance proceeds to Lynn B. Rose ("Ms. Rose").  It also asserts that Ms. Rose
should be responsible for costs of the Estate's action seeking recovery for Ms.
Rose's breach of a separation agreement.

In her cross-appeal, Ms. Rose appeals from the findings of fact,
conclusions of law, and partial judgment entered on May 16, 2019; findings of
fact, conclusions of law, and judgment entered on December 29, 2021; and from
the order denying her motion to alter, amend, or vacate entered on February 10,
2022.  She argues that the Clark Circuit Court erred in failing to award her the
portion of Edward Jones accounts that were payable to her upon the death of Mr.
Spicer.  She also maintains that the circuit court should have awarded her the

proceeds from the sale of a residence representing her life interest in the property. Finally, Ms. Rose argues that the circuit court erred in failing to find that she and Mr. Spicer were reunified at the time of his death, thus rendering the separation agreement void. After careful review, we find no error and affirm the May 16, 2019, partial judgment and December 29, 2021, final judgment of the Clark Circuit Court.[1]

## FACTS AND PROCEDURAL HISTORY

After having previously been married and divorced, Mr. Spicer and Ms. Rose were married for the second time on October 19, 2012. They separated about seven months later. On June 4, 2014, Mr. Spicer filed a petition for dissolution of marriage in Clark Circuit Court, along with a separation agreement ("the Agreement") executed by the parties. The Agreement was prepared by Mr. Spicer's counsel. Ms. Rose did not have separate legal representation.

The Agreement acknowledged that "irreconcilable marital differences have risen between them" and it purported to resolve all issues of property, debt, and maintenance. It also acknowledged that all non-marital property had been restored to each party other than a Visa card with Ms. Rose's name on it belonging

---

[1] The order denying Ms. Rose's Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate is "interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011) (footnote omitted).

-3-

to Mr. Spicer.  He later testified that Ms. Rose returned the credit card to him.  The Agreement went on to state that each party was to receive personal property free and clear of all claims of the other party, and that neither party was asserting any interest in any financial or retirement accounts of the other party.  The Agreement also provided that if a party breached the Agreement, the breaching party would be responsible for all attorney fees and costs arising from the breach.

The matter proceeded in Clark Circuit Court and discovery was undertaken.  On August 20, 2014, Mr. Spicer executed a deposition in which he stated that he was separated and living apart from Ms. Rose, and that the marriage was irretrievably broken.

On September 5, 2014, Mr. Spicer suffered a serious head injury while cutting firewood.  After it was determined that there was no hope of his recovery, Mr. Spicer was removed from life support and died.  The dissolution proceeding was subsequently dismissed.  On March 23, 2015, Ms. Rose made claims against the Estate when she renounced Mr. Spicer's last will and testament.  On October 23, 2014, she applied for a spousal exemption.

On June 11, 2015, the Estate filed the instant action in Clark Circuit Court against Ms. Rose alleging that her acts of renouncing the will and seeking a spousal exemption breached the terms of the Agreement.  In support of the complaint, the Estate cited Section 4 of the Agreement which provided that each

party shall relinquish all rights to the estate of the other party upon the latter's death. The Estate asserted that this waiver of rights was made in exchange for valuable consideration, and that the Agreement was enforceable on the date of its execution. As such, it argued that Ms. Rose's actions after Mr. Spicer's death violated the Agreement. It sought specific performance of the Agreement, money damages, attorney fees, and costs.

On May 16, 2019, the Clark Circuit Court rendered findings of fact, conclusions of law, and partial judgment. The court determined that the Agreement, which was executed by Mr. Spicer on June 14, 2014, and Ms. Rose on June 9, 2014, was enforceable on the date of its filing on June 18, 2014. It interpreted the Agreement as providing that at the time of its filing, Ms. Rose relinquished all rights to the Estate upon Mr. Spicer's death. It found that by its terms, the Agreement was binding and not subject to modification. The court then found that Ms. Rose could not set aside the Agreement as void, as there was insufficient evidence to support her claim that she and Mr. Spicer had reconciled prior to his death.

On December 29, 2021, the circuit court rendered findings of fact, conclusions of law, and judgment disposing of all remaining issues. It incorporated by reference the May 16, 2019, findings of fact, conclusions of law, and partial judgment. The court first addressed the disposition of Mr. Spicer's life

insurance policies naming Ms. Rose as beneficiary.[2] It determined that though the Agreement contained general language divesting Ms. Rose of any interest in Mr. Spicer's property, *Hughes v. Scholl*, 900 S.W.2d 606, 608 (Ky. 1995), required the divestiture of an insurance beneficiary's rights to be made in clear, specific, and unambiguous language. As the Agreement did not contain specific and unambiguous language divesting Ms. Rose of her rights as beneficiary of the insurance policy, the court determined that she was entitled to the proceeds of the policy in the amount of $47,000.00.

The circuit court then considered the disposition of two Edward Jones individual retirement accounts ("IRAs"). The court relied on *Sadler v. Buskirk*, 478 S.W.3d 379, 383 (Ky. 2015), wherein the Kentucky Supreme Court held that in a dissolution proceeding, the designation of an IRA beneficiary can be overridden by a separation agreement with language forfeiting the status of the beneficiary. In the matter at bar, the Agreement contained language providing that each party forgoes any interest in the other party's retirement accounts. The circuit court determined that this was sufficient to divest Ms. Rose of any interest in the Edward Jones accounts. On this basis, it awarded the Estate $21,120.00 representing Ms. Rose's interest in the accounts.

---

[2] Two life insurance policies are at issue, with benefits payable in the amounts of $5,000 and $42,000.

Finally, the court considered the Estate's request for an award of attorney fees and costs from Ms. Rose. The Estate pointed to language in the Agreement providing that a breaching party was responsible for any attorney fees and costs arising from the breach. The Estate asserted that by renouncing Mr. Spicer's will, and applying for the surviving spouse exemption, Ms. Rose breached the Agreement and was therefore required to pay attorney fees and costs resulting therefrom. The circuit court agreed that Ms. Rose breached the Agreement by these actions. Nevertheless, it noted that she was without counsel in her execution of the Agreement, and it questioned whether she understood the possible consequences of her actions. It also found that she did have one meritorious claim for the insurance proceeds and that her belief that other claims may have merit was not unreasonable under the circumstances of the case. As such, it denied the Estate's request for attorney fees and costs.

In her counterclaim, Ms. Rose argued that *Borden v. Litchford*, 619 S.W.2d 715 (Ky. App. 1981), stands for the proposition that the merger doctrine operates to allow her the right to share in the sales proceeds of the real estate in an amount equal to the value of a life estate which was devised to her through Mr. Spicer's will. The court determined that *Borden* was distinguishable on the facts and not applicable herein, and that in any event, Ms. Rose signed the deed conveying away her right to the real estate, and renounced Mr. Spicer's will in the

probate action. The court determined that Ms. Rose was not entitled to funds representing the value of the life estate she held in the realty. This appeal and cross-appeal followed.

## STANDARDS OF REVIEW

We review the trial court's findings of fact pursuant to CR 52.01 and will not disturb those findings unless clearly erroneous. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Findings of fact are not clearly erroneous if supported by substantial evidence. *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 307 (Ky. 1972). Substantial evidence is that evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people. *Id.* at 308.

The interpretation of a written instrument is a matter of law for the court. *Bank One, Pikeville, Ky. v. Commonwealth, Nat. Resources and Environmental Protection Cabinet*, 901 S.W.2d 52, 55 (Ky. App. 1995). We review the application of the law to the facts *de novo*. *Keeney v. Keeney*, 223 S.W.3d 843, 848 (Ky. App. 2007).

## ARGUMENTS AND ANALYSIS

The Estate first argues that the Agreement required the life insurance benefits to be payable on the death of Mr. Spicer to the Estate rather than to Ms. Rose. The Estate directs our attention to the May 16, 2019, judgment, wherein the

circuit court found the Agreement provides that each party was to be the sole owner, free and clear of any claim of the other, of all real, personal, tangible, and intangible property which is in his name or possession. The Estate argues that, per the Agreement, the life insurance policies properly belonged to Mr. Spicer from the date of execution of the Agreement and the insurance policies were payable to the Estate upon his death.

In awarding a judgment to Ms. Rose in the amount of $47,000.00, which represented the insurance proceeds, the Clark Circuit Court cited Section 7.1(B) of the Agreement which provides that, "[a]ny beneficiary clause in a life insurance policy . . . may still be valid after the Decree of Dissolution of Marriage, and that should a new beneficiary be desired, each of the parties shall themselves be required to make the necessary changes." The court noted that Section 7.1(B) was the only provision in the Agreement addressing life insurance. The circuit court also relied on *Hughes*, *supra*, wherein the Kentucky Supreme Court held that divestiture language terminating a divorcing spouse's status of beneficiary must be clear and ambiguous. *Hughes*, 900 S.W.2d at 608 n.2. The circuit court found that the Agreement contained no clear and express language terminating Ms. Rose's status as beneficiary; therefore, she retained the status of beneficiary after the Agreement was executed.

We find no error in the circuit court's conclusion that the insurance policies' beneficiary clauses were still valid after the filing of the Agreement and that Ms. Rose remained the beneficiary of the policies. Section 7.1(B) expressly availed Mr. Spicer of the opportunity to change the beneficiary on the insurance policies, but he chose not to do so. Though the Agreement contained general language dividing the parties' assets, no language clearly and unambiguously changed the beneficiary of the insurance policies per *Hughes*. The Agreement stipulated that the beneficiary clause in any life insurance policy may still be valid after a decree of dissolution was entered. In light of *Hughes*, and as Mr. Spicer did not change the designation of Ms. Rose as beneficiary, we find no error in the circuit court's determination that Ms. Rose is the beneficiary of the insurance policies at issue.

The Estate next argues that the circuit court erred in failing to enter an award of attorney fees in favor of the Estate. It points to Section 11.1 of the Agreement, which provides that any party who defaults or breaches the Agreement shall pay attorney fees, costs, and other expenses incurred by the other party to enforce the Agreement. The Estate notes that the circuit court found that Ms. Rose breached the Agreement by renouncing Mr. Spicer's will and applying for the surviving spouse exemption. On this basis, the Estate argues that it is entitled to attorney fees and costs.

-10-

In its December 29, 2021, judgment, the circuit court found that Ms. Rose's renunciation of the will and her application for the surviving spouse exemption constituted a breach of the Agreement. The court chose not to enforce the Agreement's language imposing attorney fees and costs for the breach, however, because 1) Ms. Rose was not represented by counsel when she executed the Agreement; 2) the court questioned whether Ms. Rose understood the terms and consequences of the Agreement; and, 3) Ms. Rose had a meritorious claim of entitlement to the insurance benefits.

The focus of the Estate's argument on this issue is its contention that Ms. Rose breached the Agreement by improperly taking insurance benefits for herself. Having determined that the circuit court properly awarded the insurance benefits to Ms. Rose, her recovery of those benefits did not constitute a breach of the Agreement. Since the Estate's argument in favor of an award of attorney fees is predicated on its claim that Ms. Rose breached the Agreement by absconding with the insurance benefits, and having determined that Ms. Rose was entitled to said benefits, we do not conclude that the circuit court erred in failing to award attorney fees to the Estate on this issue.

In her cross-appeal, Ms. Rose argues that the Clark Circuit Court erred in its disposition of two Edward Jones IRAs. She asserts that prior to signing the Agreement, she was entitled to $21,120.00 representing a 5% share of the

Edward Jones IRAs if Mr. Spicer pre-deceased her. Based on *Sadler*, *supra*, she contends that because the Agreement does not expressly divest her of the interest in the IRAs, she retained entitlement to the 5% share after the Agreement was executed.

As noted above, the Kentucky Supreme Court held in *Sadler* that in a dissolution proceeding, the designation of an IRA beneficiary can be overridden by a separation agreement with language forfeiting the status of beneficiary. In order for the forfeiture to be enforceable, it must be expressed in clear and unambiguous language. *Sadler*, 478 S.W.3d at 385. The question for our consideration on this issue is whether the Clark Circuit Court properly determined that the language agreed to by the parties was sufficiently clear and unambiguous per *Sadler* to divest Ms. Rose of her interest in the IRAs.

Section 2.5 of the Agreement provides that "[n]either party makes any claim or asserts any interest in the financial or retirement accounts of the other[.]" The Edward Jones accounts at issue are Individual Retirement Accounts, *i.e.*, "retirement accounts" as encompassed by Section 2.5. While the Agreement did not expressly address the Edward Jones accounts by name, they are the type of accounts disclaimed in Section 2.5. Further, the Estate contends, and the record appears to demonstrate, that the Edward Jones accounts were the only retirement accounts of record.

Ultimately, *Sadler* requires the circuit court to discern the intent of the parties from the Agreement they executed. *Id.* Based on the record and the law, we conclude that the Clark Circuit Court properly determined the intent of the parties to make no claim to the retirement accounts of the other party. We find no error.

Ms. Rose goes on to argue that the Clark Circuit Court erred in failing to enter an award in her favor representing the value of her life estate from the sale of the real property. She asserts that she did not forfeit her portion of the proceeds from the real estate sale by signing the deed of conveyance; that her renunciation of the will did not disqualify her from receiving the proceeds to which she is entitled; that she did not receive consideration for what the circuit court characterized as a complete release of all real estate funds; and, that her interest in the parcel is apparent from the recorded deed of conveyance. She seeks an opinion reversing the Clark Circuit Court's conclusions of law on this issue.

The salient issue is whether Ms. Rose's life estate in the real property survived the Agreement and her subsequent renunciation of Mr. Spicer's will, or whether the Agreement and Ms. Rose's renunciation of the will divested her of all interest in the real property. Ms. Rose's life interest in the real property, if any, vested solely from a devise made by Mr. Spicer to Ms. Rose in his will. It is uncontroverted, however, that Ms. Rose renounced the will containing the devise.

We are not persuaded that Ms. Rose is entitled to a property interest arising from a will which she expressly renounced. Further, though Ms. Rose's argument below on this issue was largely grounded on the merger doctrine as addressed in *Borden*, *supra*, she does not raise that argument now on appeal. We find no error.

Lastly, Ms. Rose argues that the circuit court erred in not concluding that she and Mr. Spicer had reconciled prior to his death, which should have the effect of voiding the Agreement. She contends that she and Mr. Spicer were not intending to get a divorce, that they spent nights together only a few weeks before his death, and were planning a romantic getaway which was interrupted only due to his untimely passing. She points to *Peterson v Peterson*, 583 S.W.2d 707, 709 (Ky. App. 1979), in support of her contention that a separation agreement may be void where the parties reconcile, especially where the agreement is largely executory. On this basis, she seeks to have the Agreement rendered void.

In rejecting Ms. Rose's argument on this issue, the Clark Circuit Court noted that Mr. Spicer and Ms. Rose agreed that any failure of the parties to get divorced would not invalidate the Agreement in any respect. It found that on August 20, 2014, Mr. Spicer executed a deposition in which he stated that he was separated and living apart from Ms. Rose, and that the marriage was irretrievably broken. This was only 15 days before Mr. Spicer's death. In addition, the court found that, though witness Eva Parker believed that Mr. Spicer and Ms. Rose

-14-

occasionally spent the night together, Ms. Parker was of the opinion that they were still getting divorced.

While there is some support in Kentucky law for a separation agreement becoming a nullity upon reconciliation, *see Hartley v. Hartley*, 305 Ky. 350, 203 S.W.2d 770 (1947), the record herein is not sufficient to support a finding of reconciliation. Mr. Spicer's deposition taken shortly before his death affirming the separation and plans for dissolution, taken alone, forms a sufficient basis for sustaining the circuit court on this issue. We find no error.

## CONCLUSION

Per Section 7.1(B) of the Agreement, the beneficiary provision of the life insurance policy remained in effect after the Agreement was executed, and Mr. Spicer subsequently took no action to change the beneficiary. As such, Ms. Rose was entitled to receive benefits from the policy. We find no error in the circuit court's determination that the Estate is not entitled to an award of attorney fees and costs. On Ms. Rose's cross-appeal, we conclude that the circuit court did not err in finding that Ms. Rose was not entitled to a 5% share of the Edward Jones IRAs. Ms. Rose is not entitled to a life estate from a devise which she renounced, and the record does not support her claim that she reconciled with Mr. Spicer before his death in a manner sufficient to void the Agreement. For these reasons, we affirm

-15-

the May 16, 2019, partial judgment and December 29, 2021, final judgment of the

Clark Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT/
CROSS-APPELLEE:

William D. Elkins
Winchester, Kentucky

BRIEFS FOR APPELLEE/
CROSS-APPELLANT:

M. Alex Rowady
Winchester, Kentucky